UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED

AUG 2 6 2008
AUG 26 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Jose Cruz,
Plaintiff

vs.

08CV4873
JUDGE DOW
MAGISTRATE JUDGE NOLAN

Roger Walker,
Director Of the Illinois Department of Corrections-Defendant
Sherry Benton,
Administrative Review Board Chairperson-Defendant
David Lingle,
Adjustment Committee Chairperson at Pontiac C.C.-Defendant
Anabelle Motteler,
Adjustment Committee Staff Member at Pontiac C.C.-Defendant
Dennis Cross,
Correctional Officer at Stateville C.C.-Defendant
John Doe'A'-1,
Unknown Correctional Officer at Stateville C.C.-Defendant
John Doe'A'-2,
Unknown Correctional Officer at Stateville C.C.-Defendant

## COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983

### I. Preliminary Statement

1) This is a Civil Rights action filed by Jose, Cruz, pro-se,
a state prisoner, for damages, and injunctive relief under 42
U.S.C. Section 1983 alleging excessive use of force, and denial
of medical care in violation of the 8th and 14th Amendments
to the United States Constitution and procedural due process in
violation of the due process clause of the 14th Amendment to
the United State's Constitution. The Plaintiff also alleges
the torts of assault, and battery.

### II. Jurisdiction and Venue

2) This court has Jurisdiction over this action under 42
U.S.C. Section 1983. Jurisdiction also lies under 28 U.S.C.
1343(3), and (4).

3) This Court has supplemental jurisdiction over the plaintiff's
state law claim under 28 U.S.C. Section 1367.

4) Plaintiff's claim for injunctive relief are authorized
by 28 U.S.C. Section 2283, and 2284, and Rule 65 of the Federal
Rules of Civil Procedures.

5) The Northern District of Illinois, Eastern Division
is an appropriate venue under 28 U.S.C. Section 1391(b)(2),

because it is where the events giving rise to this claim occurred.

## III. Plaintiff

6)   Plaintiff, Jose Cruz, is and was at all times mentioned herein a prisoner of the State of Illinois in the custody of the Illinois Department of Correcitons. He is currently confined in Hill Correctional Center in Galesburg, Illinois.

## IV. Defendants

7)   Defendant, Roger Walker, is the Director of the Illinois Department of Corrections of the State Of Illinois. He is legally responsible for the overall operations of the Department of Corrections, and each institution under its jurisdiction, including Stateville C.C., and Pontiac C.C.

8)   Defendant, Sherry Benton, is the Administrative review Board Chairperson, office of Inmate Issues, Department of Corrections. Her responsibility is to investigate matters involving inmates, and the administration, dealing with disciplinary affairs.

9)   Defendant, David Lingle, is the Adjustment Committee Chairperson at Pontiac C.C. His responsibility is to review, and investigate matters involving inmates; interview witnesses on both sides, check video, and audio tapes; written reports; recommend disciplinary actions against inmates, and give a basis for their decisions.

10)   Defendant, Anabelle Motteler, is a staff member of the Adjustment Committee, at Pontiac C.C. Her responsibility is to review, investigate, interview witnesses, and conduct hearings pertianing to inmate matters. And recommend disciplinary actions against inmates, and give a basis for their decision.

11)   Defendant, Dennis Cross, is a Correctional Officer of the Illinois Department of Corrections at Stateville C.C., who at all times mentioned in this complaint, held the rank of a Correctional Officer, and was assigned to the NRC building, in B-Unit at Stateville C.C. at the time of the incident.

12)   Defendant, John Doe'A'-1 is a 1st shift unknown Correctional Officer at Stateville C.C., whose name is presently unknown to plaintiff. Who at all times in this complaint held the rank of Correctional Officer.

13)   Defendant, John Doe'A'-2 is a 1st shift unknown Correctional Officer at Stateville C.C. whose name is presently unknown to plaintiff. Who at all times in this complaint held the rank

of Correctional Officer.

14)  Each Defendant is sued individually.  At all times mentioned in this compalint, each defendant(s) acted under the color of State Law.

### FACTS

## V.  Denial of Medical Care

15)  On October 18,2006 while at Stateville C.C., NRC building, housed in the B-Unit, plaintiff made numerous requests to see a psychiatric doctor, or other medical staff.  These requests were made by plaintiff, because he had not been receiving his prescribed psychotropic medication.  These requests were made to Correctional Officer(c/o) Dennis Cross #2625.  C/o Cross refused plaintiff's requests for medical attention, and then refused plaintiff's request to speak with his supervisor.

16),  During this time lunch was then served.  Once feeding was finished the trays in which lunch was served were being collected.  At this point, when plaintiff was asked for his tray, in hopes of bringing the attention of someone other than c/o Cross who was being of no help to plaintiff's medical issues, plaintiff refused to hand over his tray.  Despite numerous requests for the tray by c/o Cross, plaintiff refused, in hopes of speaking with "anyone" else that may be of assistance in getting plaintiff's much needed medication.

17)  At this point c/o Cross became visibly agitated at plaintiff, and started to verbally assault, and threaten plaintiff.

18)  When these verbal outbursts did nothing to obtain the lunch tray from plaintiff, c/o Cross then opened the cell door to the cell where the plaintiff was at the time confined.  Once the door was open, c/o Cross continued his appearance of intimidation by first slowly putting his black gloves on, and withdrawing his handcuffs, while continuing his verbal barrage on plaintiff.

19)  Plaintiff remained standing in the middle of the cell in a submissive fashion in order to not further provoke c/o Cross. Yet, still requesting his much needed medical attention.

### Misuse of Force

20)  Then, without provocation, c/o Cross attacked plaintiff with his handcuffs in hand, using them as a weapon.  He proceeded to strike the plaintiff about the head causing injury to plaintiff,

and as plaintiff attempted to block further blows, he also sustained
further injuries to his hand.

21) When these defensive maneuvers were proving useless
to plaintiff to fend off c/o Cross, and his makeshift weapon
(handcuffs), plaintiff then utilized his lunch tray to block
further blows by c/o Cross. This seemed to further irritate
c/o Cross as he intensified his assault on plaintiff. Then,
plaintiff's adrenaline induced instinct for survival led him
to swing the lunch tray at c/o Cross, striking him about the
head area. When this finally caused c/o Cross to back up, plaintiff
then started calling for help. This again seemed to irritatee
c/o cross, and he then renewed his attack on plaintiff by grabbing
him by the neck, and squeezing, as if to strangle plaintiff,
and prevent him from calling for help. With c/o Cross' hands
around plaintiff's neck, plaintiff let loose the lunch tray,
and began to frantically swing at c/o Cross in an attempt to
free himself.

22) When c/o Cross did finally release his grip on plaintiff's
neck, plaintiff then began to yell again for help, and attempted
to flee the cell. C/o Cross then grabbed plaintiff about the
waist, and upper leg area to keep plaintiff from fleeing. Plaintiff
and c/o Cross, during this wrestling act, moved outside of the
cell.

23) At this point other officers(at least two) arrived
at the scene, and restrained plaintiff by handcuffing him behind
his back while on the floor, and then macing him. Then during
this time, while plaintiff was already restrained, and maced,
the other officers continued a physical assault on plaintiff.

24) These other officers then dragged plaintiff to a holding
area where the tactical team arrived with a camcorder to video
tape the plaintiff. Plaintiff was then escorted to the shower
area to rinse the chemical agent used in the macing off him.
He was then dressed, and taken to see medical staff. During
this whole time that the tactical unit was there, all events
were video recorded. After these events, plaintiff was then
transferred to Pontiac C.C.

**Denial of Due Process**

25) For the next 11 days, plaintiff was kept confined

in segregation at Pontiac C.C without any correspondence, or
contact with family, or administrators from Pontiac C.C.

26) On October 29,2006, Internal Affairs Officers did attempt
an interview with plaintiff regarding the events that had previously
taken place at Stateville C.C., NRC building.  Their first remarks
to plaintiff were to the effect that c/o Cross was banged up
pretty bad.  At this point plaintiff, in fear of incriminating
himself asked to speak to a lawyer, and refused to sign any
papers.

27) For these occurrences, plaintiff was not only disciplined
for events while at Stateville C.C., NRC building, but he also
received disciplinary sanctions from Pontiac C.C. for utilizing
his rights.

28) Plaintiff received a disciplinary report for the violent
assault of any person-100, for the events which occurred on
10/18/06 with c/o Cross.(exhibit-A)  Plaintiff then stood before
the hearing committee at Pontiac C.C. (David lingle/Anabelle
Motteler), and was found guilty of this charge, despite his
claims of self-defense as is evidenced by defensive wounds incurred
(exhibit  );  inmate eye witness (exhibit-J);  and plaintiff's
requests that security video be viewed.  This disciplinary con-
viciton received the sanctions of: 1 year C-Grade/ Indeterminate
Segregation/ Revoke GCC or SGT 1 Year/ 6 months Contact Visits
Restrictions/ 6 months commissary restriction/ 6 months Audio/visual
restrictions.

29) Plaintiff then challenged this finding of guilt, and
continued his claims of self-defense by utilizing the Inmate
Grievance process available at Pontiac C.C.(exhibit-C)

30) Plaintiff also wrote to the Director of the Illinois
Department of Corrections informing him of the injustices he
was enduring, and asked that he also look into the plaintiff's
allegations of excessive force.(exhibit-F)

31) Plaintiff, on 1-24-07 had a video conference with Sherry
Benton, Administrative Review Board Chairperson, in regards to
the grievance filed by plaintiff.  Sherry Benton also upheld the
guilty finding of plaintiff based on the grounds(in part) of "review
of all information" without listing what "information" was actually
reviewed.(exhibit-H) Because nowhere in any paperwork or findings has

plaintiff seen that video, or witnesses were called on his behalf
or that anything other than the officers(c/o Cross) word was relied
upon.

### Additional Facts

32)  Only recently, on 5-1-08, did plaintiff speak with an
investigator from Springfield (Frank Squires #15011) concerning
this incident.  Mr Squires' response to plaintiff's claim of selfde-
fense, and excessive force used by c/o Cross, and that video would
substantiate these claims, was that the tapes were probably destroyed.
Plaintiff has had no further contact with Mr. Squires at this point.

## VI.  Exhaustion of Remedies

33)  Plaintiff, Jose Cruz used the prisoner grievance procedure
available at Pontiac Correctional Center to try and solve the problem.
On November 18, of 2006, plaintiff Jose Cruz wrote an eight page
Illinois Department of Corrections Commited Persons Grievance(please
see exhibit-C).

34)  Plaintiff Jose Cruz filed the grievance and sent it to
the Administrative Review Board which has jurisdictional authority
over matters.  It was sent from Pontiac Correctional Center on
December 4, of 2006.(please see exhibit-D)

35)  Plaintiff also sent a copy of his grievance to the Director
of the Illinois Department of Corrections, Roger Walker, with a
letter asking for a fair, and proper investigation.  He sent the
grievance with the letter together  It was sent from Pontiac Corr-
ectional Center on December 27,2006.(Please see exhibit-G)

36)  Plaintiff also sent a copy of his grievance concerning
this incident to Brian Fairchild who works for the Department of
Corrections Inmate issues.(please see exhibit-E)

37)  As a result, Plaintiff has never heard, or received a
response from the Director of the Illinois Department of Corrections.

38)  On January 24 of 2007, Plaintiff had a video conference
with Sherry Benton, Administrative Review Board Chairperson, office
of inmate issues.  Plaintiff explained the denial of medical attention
and excessive use of force and asked for an investigation to review
Cameras and that officer Dennis Cross falsified his report.(please
see exhibit-H)

39)  Plaintiff Jose Cruz' grievance was heard, but his allegations
were denied.

40) Plaintiff Jose Cruz, presented the fact relating to this complaint on January 24 of 2007.

41) Plaintiff Jose Cruz was sent a response that the grievance was denied.(Please see exhibit M)

42) No procedure for appeal available. Grievance procedure was completed.

43) Plaintiff Jose Cruz exhausted all administrative remedies.

VII.Claims for Relief

44) The failure, and denial of c/o Cross to notify medical staff to the needs of plaintiff regarding his psychotrophic medications constitute deliberate indifference to medical need , violated plaintiff Jose Cruz's rights and constituted cruel and unusual punishment under the Eighth Amendment to the United State's Constitution.

45) The actions of the defendants Dennis Cross, John Doe'A'-1, and John Doe'A'-2, in using excessive force against the plaintiff without need or provaction or failing to intervene to prevent the misuse of force. Were done malicously and sadistically , and constituted cruel and unusual punishment in violation of the eighth Amendment to the United State's Constitution, and violation of the Fourteenth Amendment to the United State's Constitution.

46) The actions of defendant(s) Cross, and other officers at Stateville (John Doe'A'-1, and A-2) in using physicall force against the plaintiff without need or provocation constituted the tort of assault, and battery.

47) The actions of defendant's David Lingle, and Anabelle Motteler in refusing to call witnesses, and view evidence requested by the plaintiff, finding him guilty of assault with no evidence to support the charge, and ignoring contrary evidence to the charge, and providing an inadequate written disposition of the charges denied the plaintiff Jose Cruz's rights constituted a due process violaiton under the Fourteenth Amendment to the United State's Constitution.

48) The actions of defendant Roger Walker in failing to take disciplinary or other actions to curb the known pattern of physical abuse of plaintiff, and failure to investigate or review plaintiff's letter, and grievance, and his knowledge of plaintiff's complaint on excessive use of force, and procedural due process violations, constituted deliberate indifference, violated plaintiff Jose Cruz's

right's; and constituted a due process violation under the Fourteenth
Amendment to the United State's Constitution.

49)   The actions of defendant Sherry Benton, in refusing to
overturn the plaintiff's disciplinary conviction, despite her knowledge
of the above mentioned due process violations, constituted deliberate
indifference, and further denied the plaintiff due process of law
in violation of the Fourteenth Amendments to the United State's
Constitution.

50)   The Plaintiff has no plain, adequate, or complete remedy
at law to redress the wrongs described herein.   Plaintiff has been
and will continue to be irrepararably injured by the conduct of
the defendants unless this court grants the declatory and injuctive
relief which plaintiff seeks.

## VIII. Prayer for Relief

wherefore, plaintiff respectfully prays that this court enter
judgement granting plaintiff;

A)   **Issue a declaration judgement stating that:**

1)   Defendant Dennis Cross.' actions in failing to alert
staff in order to provide adequate medical care for the plaintiff
violated the plaintiff's rights under the Eighth Amendment to the
United State's Constitution.

2)   The physical abuse of plaintiff by defendants Dennis
Cross, and John Doe'A'-1,and 'A'-2 violated the plaintiff's rights
under the Eighth Amendment to the United State's Constitution,
and Fourteenth Amendment to the United State's Constitution, and
constituted an assault, and battery under state law.

3)   Defendants David Lingle, and Anabelle Motteler's actions
in conducting the plaintiff's disciplinary hearing and defendant
Sherry Benton's actions in sustaining its guilty verdict, violated
the Plaintiff's rights under the Due Process clause of the Fourteenth
Amendment to the United State's Constitution.

4)   Defendant Roger Walker in failing to take disciplinary,
or other action to curb the known pattern of physical abuse, and
failure to investigate a review, and his knowledge of the use
of excessive use of force, and plaintiff's procudural due process.
Violated the **plaintiff's** rights under the Due Process clause of
the   Fourteenth Amendment to the United State's Constitution.

B)   **Issue an injunction ordering defendant Roger Walker to:**

1)  Expunge the disciplinary convictions described in this complaint from the plaintiff's institutional record.

C)  **Award Nominal Damages in the following Amounts:**

1)  $150.00 jointly, and severally against all defendants for violations of plaintiff's constitutional rights.

D)  **Award Compensatory damages in the following amounts:**

1)  $50,000 against defendant Dennis Cross for psychological harm, emotional and physical injury resulting from his failure to provide adequate medical care to plaintiff.

2)  $100,000 against defendants Dennis Cross, John Doe'A'-1 and John Doe'A'-2, for the physical and emotional personal humiliation and injuries sustained as a result of plaintiff's beating.

3)  $250,000 jointly and severally against defendants David Lingle, Anabelle Motteler, Sherry Benton, and Roger Walker for the punishment, personal humiliation, and emotional injury resulting from their denial of due process in connection with plaintiff's disciplinary proceeding.

E)  **Award Punitive Damage in the following amounts:**

1)  $20,000 each against defendants Dennis Cross, John Doe'A'-1, and John Doe'A'-2.

2)  $30,000 each against defendant Roger Walker.

3)  $15,000 each against defendant Sherry Benton.

4)  $10,000 each against defendants David Lingle, and Anabelle Motteler.

5)  Plaintiff's cost in this suit.

Any other additional relief this court deems just, proper, and adequate.

DATED: 8/7/08

Respectfully Submitted

*Jose Cruz*

Jose Cruz #R12294
P.O. Box 1700
Galesburg,Il   61401

## VERIFICATION

I have read the fore going complaint and hereby verify that the matters alleged therin are true, except as matters alleged on information, and belief, and as to those I believe them to be true.  I certify under penalty of perjury that the foregoing is true and correct.

Executed at Galesburg,Illinois on ___8│7│08___.

_Jose Cruz_
Jose Cruz

Subscribed and sworn before me

___8/7/08___
Notary

___Gareth Beams___
Date

OFFICIAL SEAL
GARETH L. BEAMS
Notary Public - State of Illinois
My Commission Expires Sep 21, 2011

## ATTACHED EXHIBITS

1) Exhibit A:  3 Pages
Disciplinary Report written by Dennis Cross and results from
Adjustment Committee from Pontiac C.C.

2) Exhibit B:  3 Pages
Disciplinary report written by I/A and results from Adjustment
Committee from Pontiac C.C.

3) Exhibit C:  7 Pages
Committed Persons Grievance

4) Exhibit D:  1 Page
Proof of date sent to A.R.B.

5) Exhibit E:  2 Pages
Copies of Letter from Brian Fairchild

6) Exhibit F:  1 Page
Copies of letter to Director Roger Walker

7) Exhibit G:  1 Page
Proof of date sent to Roger Walker

8) Exhibit H:  1 Page
Results from A.R.B.-Sherry Benton

9) Exhibit I:  26 Pages
Medical Records

10) Exhibit J:  3 Pages
Affidavit from Witness/cellmate

List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A.    Name of case and docket number: _Ob CV 3045_

B.    Approximate date of filing lawsuit: _2006 OF August_

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
      _DOES NOT Apply_

D.    List all defendants: _DOES NOT Apply_

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _Court OF Claims (Illinois)._

F.    Name of judge to whom case was assigned: _Does NOT Apply._

G.    Basic claim made: _Compensation, Crime Victim Act_

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _PENDING, until done with Parole_

I.    Approximate date of disposition: _DOES NOT Apply_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

PG. 1 OF 3

→



# OFFICE OF THE ATTORNEY GENERAL
### STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

Jose Cruz, #R12294
Pontiac Correctional Center
P.O. Box 99
Pontiac, IL 61764

February 20, 2007

Re:    General Continuance for Claim 06cv3045

Dear Mr. Cruz:

At this time, there is no court date set for your appeal of the crime victim compensation claim. When you are released from the correctional facility, you must send your release documents and a request to re-set your hearing to the Illinois Court of Claims at the following address. Please include your crime victim number on your request. Once the Court confirms that you are no longer in a correctional facility, the Court will reschedule your court date.

Illinois Court of Claims
Crime Victim Compensation Claim
630 South College
Springfield, IL 62756

Thank-you for contacting the Office of the Attorney General. Good Luck.

Sincerely,

Corey-Anne Gulkewicz
Acting Bureau Chief
Attorney General's Office
Crime Victims Compensation Division

PG. 2 OF 3

500 South Second Street, Springfield, Illinois 62706 • (217) 782-1090 • TTY: (217) 785-2771 • Fax: (217) 782-7046
100 West Randolph Street, Chicago, Illinois 60601 • (312) 814-3000 • TTY: (312) 814-3374 • Fax: (312) 814-3806

OFFICE OF
**RONALD SERPICO**
COMMISSIONER



STATE OF ILLINOIS

1807 N. BROADWAY
MELROSE PARK, IL 60160

(708) 343-9669
FAX: (708) 343-4670

## COURT OF CLAIMS

May 9, 2008

Jose Cruz
IDOC #R12294
Hill Correctional Center
PO Box 1700
Galesburg, Illinois 61401

Re:    Case No: 06 CV 3045

Dear Mr. Cruz,

    This matter will be continued when you are released from Hill Correctional
Center and are off parole.  Please notify our office by writing when this occurs.

Sincerely,

Ronald M. Serpico

RMS/jlv

PG. 3 OF 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

Jose Cruz,                          )
Plaintiff                           )
                                    )
                                    )        CASE NO._____
vs.                                 )
                                    )
                                    )
Roger Walker                        )
Director of the Illinois Department of Corrections-defendant
Sherry Benton,
Administrative review Board Chairperson-defendant
David Lingle,
Adjustment Committee Chairperson at Pontiac C.C.-defendant
Anabelle Motteler,
Adjustment Committee Staff Member at Pontiac C.C.-defendant
Dennis Cross,
Corrections Officer at Stateville C.C.-defendant
John Doe'A'-1,
1st shift unknown Correctional Officer at Stateville C.C.-defendant
John Doe'A'-2,
1st shift unknown Correctional Officer at Stateville C.C.-defendant

---

## PROOF/CERTIFICATE OF SERVICE

TO:
    United States District Court
    Northern District of Illinois Eastern Division
    219 S. Dearborn St.
    Chicago,IL  60604

**Please Take Notice** that on 8|14|08_____ , I have placed the documents
listed below in the institutional mail at Hill Correctional Center,
properly addressed to the parties listed above for mailing through
the United States Postal Service:
1)  1 Prisoner Correspondence form.
2)  1 Original 1983 Civil Rights Complaint(typewritten) with exhibits.
    (For the Courts)
3)  1 Motion Appointment of Counsel Request
4)  1 Forma Pauperis Application and Financial Affidavit
5)  7 Copies, 1983 Civil Rights Complaint with exhibits for all defendants
6)  1 Copy 1983 Civil Rights Complaint with Exhibits to get sent by
    the Clerk with U.S. District Court Seal.
    Pursuant to 28 USC 1746, 18USC 1621 o5 735 IlCS 5/109, I declare
under penalty of perjury, that I am a named party in the above action,
that I have read the above documents, and that the information contained
therein is true and correct to the best of my knowledge.
Date: 8|14|18

                                    Jose Cruz #RX2294
                                    P.O. BOX 1700
                                    Galesburg,IL. 61401

State of Illinois - - Department of Corrections
**DISCIPLINARY REPORT**

Page _1_ of _____

☐ Disciplinary Rep rt _____ Date _____   ☐ Investigative Report _____ Date _____

Committed Person: _CRUZ_   No. _R12294_   Facility _STATEVILLE NRC_

Observation Date: _10-18-06_ Time: _10:15_ am/pm Location: _B UNT NRC_

_Cross Dennis #2625_   _½ we Cross 10-20-06 2:15_
PRINT Employee's Name      Employee's Signature/Date/Time

Offense: _104/100 Violent Assoult of Any Person_

Observation: _on about date an appox. Time while getting an inmate_
_out for an interview this inmate was informed of the interview_
_an upon being called thru chuckhole on opening the cell door_
_this officer was attacked by inmate Cruz R12294 with cuff_
_in hand on a food tray striking this officer about the face an_
_head. End of statement_

Witnesses, if any: _C/O K Bailey Ms Miller contact Strike_

NOTE: Use continuation page if necessary to describe observation and/or list witnesses.

☒ Temporary Confinement   ☐ Investigative Status   Reasons: _Staff Assault_

_M. LAPO_
PRINT Name

Shift Supervisor's Signature and Date
(For Community Correctional Centers, Chief Adm. Off.)

☐ Confinement Reviewed by Reviewing Officer   Comment: _____
PRINT Name

Signature/Date ____ 10/20/06

☒ MAJOR, submitted to Adjustment Committee   ☐ MINOR, submitted to Program Unit
PRINT Name

Reviewing Officer's Signature and Date ____ 11/21/11

☒ Reviewed by Hearing Investigator: _C Johnson_   _C Johnson 10/23/06_
(Adult Division Major Reports Only)   PRINT Name      Signature and Date

### PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

### PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

Committed Person's Signature and Number      Committed Person Refused to Sign ☒

_J Selvidge 3368_      _10.26.06/app. 5:30 pm_
PRINT Serving Employee's Name   Serving Employee's Signature   Date and Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** CRUZ, JOSE | **IDOC Number:** R12294 | **Race:** HSP |
| **Hearing Date/Time:** 11/3/2006  10:50 AM | **Living Unit:** PON-N-08-31 | **Orientation Status:** N/A |
| **Incident Number:** 200604166/1 - PON | **Status:** Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 10/18/2006 | 200604166/1-PON | CROSS, DENNIS | STA-NORTHERN REC. & CLASS. | 10:15 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 100 | Violent Assault Of Any Person - Staff | Guilty |
| | Comments: STRUCK R/E ON FACE/HEAD W/LUNCH TRAY | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS

REPORT READ - THE OFFENDER SUBMITTED A WRITTEN STATEMENT INDICATING HE REFUSED TO GIVE THE OFFICER HIS LUNCH TRAY IN ORDER TO SPEAK TO A LIEUTENANT AND WHEN THE OFFICER OPENED THE DOOR THE OFFICER CAME AT HIM WITH HIS CUFFS USING THEM AS BRASS KNUCKLES STRIKING HIM ON HIS HEAD, SO HE USED THE LUNCH TRAY IN DEFENSE AGAINST THE OFFICER STRIKING HIM IN THE HEAD WITH THE TRAY. THE OFFENDER CONTINUED TO WRITE THAT HE DID NOT RECEIVE MEDICAL ATTENTION UNTIL HE ARRIVED HERE AT PONTIAC. THE OFFENDER MAKES REFERENCE TO A WITNESS IN HIS WRITTEN STATEMENT, BUT DID NOT IDENTIFY ANYONE BY NAME AND NUMBER.

## BASIS FOR DECISION

BASED ON THE OBSERVATION OF THE REPORTING EMPLOYEE THAT OFFENDER CRUZ ATTACKED HIM WHEN HE OPENED THE CELL DOOR BY USING HANDCUFFS AND LUNCH TRAY, STRIKING THE OFFICER ABOUT THE FACE AND HEAD; THE ATTACHED DC-434 SUBSTANTIATING THE INCIDENT; AND THE OFFENDER'S PARTIAL ADMISSION OF GUILT CONTAINED IN HIS WRITTEN STATEMENT WHEN HE INDICATED THAT HE DID STRIKE THE OFFICER IN THE HEAD WITH HIS LUNCH TRAY; THE COMMITTEE IS SATISFIED THE VIOLATION OCCURRED AS REPORTED.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 1 Year CGrade | 1 Year CGrade |
| Indeterminate Segregation | Indeterminate Segregation |
| Revoke GCC or SGT 1 Year | Revoke GCC or SGT 1 Year |
| 6 Months Commissary Restriction | 6 Months Commissary Restriction |
| 6 Months Audio/Visual Restriction | 6 Months Audio/Visual Restriction |
| 6 Months Contact Visits Restriction | 6 Months Contact Visits Restriction |

**Basis for Discipline:** NATURE OF OFFENSE

## Signatures
### Hearing Committee

| | Signature | Date | Race |
|---|---|---|---|
| LINGLE, DAVID A - Chair Person | | 11/03/06 | WHI |
| MOTTELER, ANABELLE | | 11/03/06 | HSP |

Recommended Action Approved

**Final Comments:** N/A



*(handwritten in right margin: Exhibit A 2 of 3)*

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** CRUZ, JOSE     **IDOC Number:** R12294     **Race:** HSP

**Hearing Date/Time:** 11/3/2006   10:50 AM     **Living Unit:** PON-N-06-31     **Orientation Status:** N/A

**Incident Number:** 200604166/1 - PON     **Status:** Final

---

EDDIE_JONES / PP_11/13/2006                     11/13/06

Chief Administrative Officer                    Signature            Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

                                         11-30-06   3:00pm by mail

Employee Serving Copy to Committed Person                       When Served - - Date and Time

Exhibit A 3 of 3

N-Ses

State of Illinois—Department of Corrections
**DISCIPLINARY REPORT**

Page 1 of 1

☒ Disciplinary Report   10/29/2006 _____   ☐ Investigative Report _____
   **Date**                                                    **Date**

Committed Person: Cruz, Jose _____   No. R12294 _____   Facility: Pontiac Correctional Center

Observation Date: 10/29/2006 _____   Time: 09:26   ☒ am ☐ pm   Location: North Cell House

J. Malnar _____   _____ 3-216   10/29/06   09:42   ☒ am ☐ pm
**PRINT Employee's Name**   **Employee's Signature**   **Date**   **Time**

Offense: 504   ☒ A   110 Impeding Or Interfering With An Investigation
              ☐ B
              ☐ C

Observation: This report is the result of an investigation to determine inmate Cruz R12294 actions in an incident that occurred while he was incarcerated at the Stateville Correctional Center. This investigator was attempting to perform an interview with Cruz at the North Cell House. This investigator informed Cruz of my name and that I was with Internal Affairs and was going to ask him questions about an incident that he was involved with at Stateville. Cruz stated that he did not have anything to say and refused to answer questions pertaining to the investigation, Cruz stated that he wanted his lawyer present and would not answer any questions. Cruz then refused to sign the interview sheet stating that he did not know

Witnesses, if any: _____

**NOTE:** Use continuation page if necessary to describe observation and/or list witnesses.

☐ Temporary Confinement   ☐ Investigative Status
Reasons: _____

**RECEIVED**
**DEC 11 2006**
**OFFICE OF**
**INMATE ISSUES**

_____
**PRINT Name**                              **Shift Supervisor's Signature**         **Date**
                                            (For Community Correctional Centers, Chief Adm. Off.)

☐ Confinement Reviewed by Reviewing Officer   Comments: _____

_____
**PRINT Name**                              **Signature**                          **Date**

☒ **MAJOR,** submitted to Adjustment Committee   ☐ **MINOR,** submitted to Program Unit
_____                                          _____   10/29/06
**PRINT Name**                              **Reviewing Officer's Signature**   **Date**

☐ Reviewed by Hearing Investigator: _____
   **(Adult Division Major Reports Only)**   **PRINT Name**   **Signature**   **Date**

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

_____   R12294 _____   **Committed Person Refused to Sign** ☐
**Committed Person's Signature**   **Number**

Sgt. Kise   3171   _____   10-29-06   ☐ am ☐ pm
**PRINT Serving Employee's Name**   **Serving Employee's Signature**   **Date**   **Time Served**

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Exhibit B 1 of 3

State of Illinois—Department of Corrections
### DISCIPLINARY REPORT

Page  2  of 2

☒ Disciplinary Report          ☐ Investigative Report

Committed Person: Cruz, Jose _____ No. R12294 _____ Facility: Pontiac Correctional Center

Observation Date: 10/29/06 _____ Time: 0926 ___ ☒ am ☐ pm · Location: North Cell House _____

Or understand what it was. Cruz was informed of the interview process and he still refused to sign the interview sheet. This investigator asked Lieutenant Todd to witness that Cruz was refusing to sign the form, Lieutenant Todd attempted to inform Cruz about the procedure, and Cruz again refused.

Cruz has violated Departmental Rule 110 Impeding or Interfering with an Investigation when he refused to cooperate with an interview with Internal Affairs.

Inmate Cruz was identified by north cell house gallery chart along with Institutional Graphics.EQR------------------

RECEIVED
DEC 1 1 2006
OFFICE OF
INMATE ISSUES

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

Name: CRUZ, JOSE

IDOC Number: R12294

Race: HSP

Hearing Date/Time: 11/3/2006  10:54 AM

Living Unit: PON-N-~~06-31~~

Orientation Status: N/A

Incident Number: 200604148/1 - PON

Status: Final

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 10/29/2006 | 200604148/1-PON | MALNAR, JEFFREY S | NORTH HOUSE | 09:26 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 110 | Impeding or Interfering with an Investigation<br>*Comments:REFUSED TO ANSWER QUESTION FOR INVEST.* | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS
REPORT READ - THE OFFENDER STATED THAT EVERYTHING IN THE REPORT IS ACCURATE.

## BASIS FOR DECISION
BASED ON THE OBSERVATION OF THE REPORTING EMPLOYEE THAT OFFENDER CRUZ REFUSED TO ANSWER QUESTIONS ABOUT AN INCIDENT HE WAS INVOLVED IN AT ANOTHER INSTITUTION AND THEN REFUSED TO SIGN THE INTERVIEW SHEET; THE OFFENDER'S OWN ADMISSION MADE AT HIS HEARING THAT THE REPORT WAS ACCURATE; AND THE POSITIVE IDENTIFICATION OF THE OFFENDER BY GALLERY CHART AND INSTITUTIONAL GRAPHICS; THE COMMITTEE IS SATISFIED THE VIOLATION OCCURRED AS REPORTED.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 3 Months C Grade | 3 Months C Grade |
| 3 Months Segregation | 3 Months Segregation |
| 3 Months Commissary Restriction | 3 Months Commissary Restriction |
| 3 Months Audio/Visual Restriction | 3 Months Audio/Visual Restriction |

**Basis for Discipline:NATURE OF OFFENSE**

### Signatures
**Hearing Committee**

| | | Date | Race |
|---|---|---|---|
| LINGLE, DAVID A  - Chair Person | Signature | 11/03/06 | WHI |
| MOTTELER, ANABELLE | Signature | 11/03/06 | HSP |

Recommended Action Approved

**RECEIVED**

**Final Comments:** N/A

DEC 11 2006

OFFICE OF INMATE ISSUES

EDDIE  JONES / PP  11/13/2006      Signature      11/13/06

Chief Administrative Officer

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

Employee Serving Copy to Committed Person

When Served - - Date and Time      11-30-06  3:00pm by mail

4-212

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: 11/18/06 | Committed Person: (Please Print) Jose Cruz | ID#: R12294 |
|---|---|---|

| Present Facility: Pontiac Correctional Center | Facility where grievance issue occurred: Stateville Correctional Center |
|---|---|

### NATURE OF GRIEVANCE:

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability

■ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ■ Other (specify) _Excessive Force_

☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator

■ Disciplinary Report: _10/18/06_    _Stateville Correctional Center_
Date of Report         Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: I JOSE CRUZ # R12294 Submit this committed persons Grievance to the administrative review board which has Jurisdictional Authority over the matters contained herein under Departmental Rule 504.F Section 504.870: Direct Review by Administrative Review Board (a) offenders shall submit grievances directly to the Administrative Review Board when grieving; (3) Decisions regarding Disciplinary proceedings that were made at a facility other than the facility where the offender is Currently assigned. (4) Other issues (except personal property) issues that pertain to a facility other than the facility where the offender is Currently assigned:

Relief Requested: I hereby Submit the following Arguments, Contentions, - Evidence, Affidavits, and authorities in support of this Committed Person's grievance to Substantiate the redress of said grievance. _TURN →_

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Jose L Cruz_      R12294      11/18/06
Committed Person's Signature      ID#      Date

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

| Date Received: ___/___/___ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL. 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | ___/___/___ Date of Response |
|---|---|---|

---

### EMERGENCY REVIEW

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |
|---|---|---|

| Chief Administrative Officer's Signature | ___/___ Date |
|---|---|

1.) Departmental Rule 504A section 504.30 Preparation of Disciplinary Reports. (a) Every employee has the duty to observe the conduct of offenders. (b) If an employee observes an adult offender committing an offense, discovers evidence of its commission, or recieves information from a reliable witness of such conduct, the employee shall promptly prepare a disciplinary report. However, if the infraction is one of those listed in the 400 series in Table A and the employee determines a disciplinary report is not necessary to resolve the situation, the employee may orally Reprimand the offender; (d) The disciplinary report must be fully completed. The reporting employee shall provide the following information to the extent known or available. (4) A written statement of the conduct observed.

I contend the following: (1) Correctional Officer Dennis Cross #2625 Did not observe the conduct written within the body of his Disciplinary Report. (2.) Correctional Officer Dennis Cross #2625 Withheld information from the body of his Disciplinary Report which he truly observed. (3.) Correctional Officer Dennis Cross #2625 Falsefied the Disciplinary Report intentionally to exclude his unproffessional Conduct and also his unjustified actions of excessive use of force. (4.) Correctional Officer Dennis Cross #2625 placed witnesses in the body of his OR504 to have witnessed the OR504 incident who never witnessed the alleged incident nor the incident of actual occurrance. (5.) Correctional Officer Dennis Cross #2625 Used unnecessary and unwarranted force which held no penological purpose and did so with the intent to maim, injure or Cause my death. Fully aware that he was violating my right to be free from abuse. (6.) Correctional officer Dennis Cross #2625 Violated procedural guidelines of moving and restraining Segregated inmates. (7.) Correctional Officer Dennis Cross #2625 acted in a manner which is unbecoming of a state employee and it does reflect badly on the Department. In doing so he violated 730 ILCS 5/33-2-2 or 5/3-2-2 of The Unified Code of Corrections Committing the Criminal Offense of Official Misconduct.

2.) Departmental Rule 501.30 Resort to Force. Correctional Officer Dennis Cross #2625 Used more than the minimal necessary force allowed to compel Compliance with a lawful order given, due to no lawful order given at all. (2) Correctional Officer Dennis Cross #2625 had no authorization nor exigent or emergency reason to enter my cell on 10-18-06. No one was in any danger within the Cell. No threat nor danger was facing C/O Cross #2625 where it involved Property, him, nor I because no threat existed to force C/O cross into any action therefore Officer Cross #2625 had no apparent reason to utilize my celldoor key.

→ (3.) I had no schedule nor emergency movements authorized to THIS

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 11/18/06 | Committed Person: (Please Print) Jose Cruz | ID#: R12294 |
|---|---|---|

| Present Facility: Pontiac Correctional Center | Facility where grievance issue occurred: Stateville Correctional Center |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ Disability
☒ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☒ Other (specify): Excessive Force
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator

☒ Disciplinary Report:  10/18/06    Stateville Correctional Center
                        Date of Report                  Facility where issued

Note:  Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: bring Correctional Officer Dennis Cross #2625 to my
door to ~~move and restrain~~ Restrain move me to anywhere. (v) Correctional Officer
Cross lost self Control and acted on the human emotion of
anger which typically 65+ percent of the time elicits the —
Secondary emotional reaction of Revenge.
    In support of these contentions I offer the following —
Statement and subsequently following evidence.
    On 10-18-06 I Jose Cruz # R12294 was housed at stateville
NRC building in B unit when I requested for correctional Officer Dennis
Cross # 2625 to get me a psychiatric doctor or Leutenant due
to me being under the psychiatric doctors Care and not ~~receiving~~ receiving
my psychotropic medication at med pass. Correctional Officer Dennis
Cross # 2625 refused my request. I then asked Correctional Officer →

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Jose L Cruz                              R12294        11/18/06
        Committed Person's Signature                    ID#              Date

(Continue on reverse side if necessary)

| **Counselor's Response** (if applicable) | |
|---|---|

Date
Received: ___/___/___    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to
                                                                    Administrative Review Board, P.O. Box 19277,
                                                                    Springfield, IL 62794-9277

Response: _____

_____

_____

_____

Print Counselor's Name          Counselor's Signature          Date of Response

| **EMERGENCY REVIEW** | |
|---|---|

Date
Received: ___/___/___    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
                                                                              ☐ No; an emergency is not substantiated.
                                                                              Committed person should submit this grievance
                                                                              in the normal manner.

Chief Administrative Officer's Signature                              Date

Dennis Cross # 2625 for his badge number and some Committed Persons Grievance forms as well as the psych. doctor or Leutenant Correctional Officer Dennis Cross # 2625 then still refused. At meal time Correctional Officer Dennis Cross # 2625 passed out trays. Upon Correctional Officer Dennis Cross's # 2625 return to my cell for trays and throughout the day I ▓▓▓ asked C/o Cross # 2625 for a psych. doctor repeatedly. As C/o Cross # 2625 stood at my door asking me for the tray I told C/o Cross # 2625 that I refused to give him the food tray unless I spoke to a psych doctor or Lt. Correctional Officer Dennis Cross # 2625 told me that he would get me a Leutenant when he got a chance. I continued to sit on my bunk and refuse to give Correctional Officer Dennis Cross # 2625 my food tray. C/o Cross # 2625 then became upset and placed his State issued handcuffs over his knuckles in the form of brass knuckles as a weapon. He (C/o Cross # 2625) then opened my celldoor and entered my cell without a seargant, Leutenant or above and without authorization and struck me in the head with the improvised brass knuckles of State issued handcuffs. C/o Cross # 2625 was unaware that I had my tray in my hands behind my back to conceal it from him. C/o Cross # 2625 then repeated his initial motion trying to strike me across the head again. I then blocked this second attack with the palm of my left hand causing myself to sustain (a cut) that was approximately a couple of millimeters deeper than a quarter inch. At this point after blocking C/o Cross's second blow to my head I utilized the State issued food tray to defend myself from sustaining further injury by striking C/o Cross twice in the head to get C/o Cross # 2625 away enough for me to yell for help. At this point C/o Cross grabbed me by the throat and began choking me in a manner to try to either harm or kill me. I then dropped the food tray in panic to get C/o Cross off of me and then punched C/o Cross who was at this point choking me in his hand and began trying to yell again. C/o Cross then began to punch me in my body and wrestle me to slam me so that he could stomp me. In an attempt to stop this from happening I began to utilize the anger of C/o Cross # 2625 by wrestling C/o back to defend myself from the punches and attempted slams. C/o Cross the as he got tired called a ten-ten on his radio and Several other officers came to the scene of the alleged incident and began to punch and kick me. I was then restrained with handcuffs while in the restraints I was maced and beaten more. I cannot identify who was hitting me due to being sprayed with mace. I was then taken and thrown into a bullpen where I landed on my right shoulder. Stateville Tactical Response Team (extraction Team "orange crush") came and took me to the healthcare unit. I was later transferred to Pontiac etc.

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 11/18/06 | Committed Person: (Please Print) Jose Cruz | ID#: R12294 |
|---|---|---|

| Present Facility: Pontiac Correctional Center | Facility where grievance issue occurred: Stateville Correctional Center |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
☒ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☒ Other (specify) EXCESSIVE FORCE
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator

☒ Disciplinary Report: 10/18/06    Stateville Correctional Center
          Date of Report             Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete. Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
Administrative Officer.

Brief Summary of Grievance: Correctional Officer Dennis Cross # 2645 did committ the
Aforementioned acts and Contentions by doing the following:
1) I ~~contended~~ based my first Contention that C/o Dennis Cross #2645
did not observe the Conduct reported within the body of his DR#14 on the
facts that:(a) The allegations do not add up to procedural guidelines
due to C/o Cross stating "On above date and approximate time while
getting an inmate out for an interview this inmate was informed of the
interview and upon being cuffed up® Thru the chuckhole an opning the cell
hosk this officer was attacked by inmate Cruz R12294 with Cuff in hand
and a food tray Striking this officer about the face and head end of statment
Witnesses: were listed as C/o K. Bailey Ms. Miller Central Services.
Relief Requested: Procedural Guidelines for movement and Restraint of Segregation offenders
two officers must be present.         TURN

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Jose L. Cruz_           R12294     11/18/06
     Committed Person's Signature              ID#        Date

(Continue on reverse side if necessary)

---

| **Counselor's Response (If applicable)** |
|---|

Date Received: ___/___/___    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

_____        _____        ___/___/___
Print Counselor's Name           Counselor's Signature          Date of Response

---

| **EMERGENCY REVIEW** |
|---|

Date Received: ___/___/___    Is this determined to be of an emergency nature?
     ☐ Yes; expedite emergency grievance
     ☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____        ___/___/___
Chief Administrative Officer's Signature             Date

Exhibit C 30 of 3

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

Procedural Guidelines outline that every officer has the duty to protect himself, Others, and State Property from being burned or Damaged. C/o cross does not indicate that C/o K. Bailey assisted In the alleged incident to fullfill his duty to assist C/o Cross # 2625 to protect c/o cross # 2625 from this alleged assault.

Procedural Guidelines outline that C/o's are to utilize their emergency Panic/Officer assistence button located on their radio when in distress.

Procedural Guidlines outline that officers are to maintain the Security of the facility Correctional Officer Dennis Cross # 2625 does not indicate any steps or actions taken by himself to Comply with this guideline to restore institutional order.

Correctional Officer Dennis Cross # 2625 did not indicate that he tried to re secure my door at any point during this alleged incident.

Correctional Officer Dennis Cross # 2625 wrote a vague Disciplinary Statement due to no justification being possible for the actions displayed by him and the other officers involved.

Correctional Officer Dennis Cross # 2625 did not offer any explaination for why the alleged handcuffs were not properly secured and why he was not utilizing the Procedurally required lead chain for segregated offenders.

Correctional Officer Dennis Cross # 2625 did not offer any explaination for why I even had a food tray in my possession due to the time frame it is not Common for an inmate to still have within his possession a food tray.

Correctional Officer Dennis Cross FAILED to Properly Report the incident at question due to him submitting a five line unsubstantiated Disciplinary Report.

Evidence Can Corraborate my account of the incident by my injuries being Consistent with Defense Wounds such as the cut in the palm of my hand of which photographs were taken. A cut over my eye which officer Cross offered no explaination for as well as the various other injuries and foot prints that stand Consistent with my account of the incident.

Correctional Officer Dennis Cross # 2625 offers no explanation as to how c/o miller was a witness when no Camera is present at the location where the incident occured and she or he was working Control Services.

I respectfully pray that this matter be investigated due to the lack of merit and/or factual basis for the incident.

Case 1:08-cv-04873   Document 1   Filed 08/26/2008   Page 28 of 66

## COMMITTED PERSON'S GRIEVANCE

| Date: 11/18/08 | Committed Person: (Please Print) Jose Cruz | ID#: R 12294 |
|---|---|---|

| Present Facility: Pontiac Correctional Center | Facility where grievance issue occurred: Stateville Correctional Center |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ Disability
☒ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☒ Other (specify) Excessive Force
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator

☒ Disciplinary Report: 10 / 18 /06   Stateville Correctional Center
    Date of Report                        Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: Correctional Officer Dennis Cross #x25 offered not one
account of the alleged incident. To allow me proper presentation of the
alleged conduct to stand within the due process, minimal conduct. To
afford me with a written statement of the alleged conduct, to give me
a Chance to prepare my defense, there by in violation of the Constitutional
Minimums of due process under Wolff V. McDonnell 94 S.ct 2563 -
418 L. Ed. 2d 935.
      Please See Investigative Reports, DC 434's, Photos and TRT camera
recording to guage the accuracy of my account of the incident in concert
with such evidence.

Relief Requested: See Last page of Grievance for relief requested.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Jose d Cruz                          R12294        11 / 18 /06
Committed Person's Signature              ID#              Date
                (Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: ___ / ___ / ___   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to
                                                                Administrative Review Board, P.O. Box 19277,
                                                                Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

Print Counselor's Name          Counselor's Signature          Date of Response ___ / ___ / ___

---

### EMERGENCY REVIEW

Date Received: ___ / ___ / ___   Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance
                                                                ☐ No; an emergency is not substantiated.
                                                                Committed person should submit this grievance
                                                                in the normal manner.

Chief Administrative Officer's Signature                              ___ / ___ / ___
                                                                        Date

Distribution: Master File; Committed Person                Page 1                DOC 0046 (Eff.10/2001)
                                                                                (Replaces DC 5657)

Exhibit C 4 of 5

Relief Requested:

1.) Polygraph Test
2.) Criminal Charges against C/O Cross # 2625
3.) A proper investigation into the alleged incident.
4.) Employee file be Checked for past incidents of alleged assault.
5.) Employee file Cross Checked for Gang Affiliation.
6.) Review of Camera, Pictures, and video tapes involving incident
7.) Medical Records be submitted to A.R.B As evidence
8.) Witnesses questioned by A.R.B about incident and asked the Submitted Questions under the Authority of 504.80 (6)(B).


X _____ JOSE L CRUZ # R12294


PREPARED BY FARNAL R BROWN R27580

# Witness List.

C/o K. Bailey
C/o M. Miller
Chemical Agent Leutenant
 EXTRACTION TEAM MEMBERS whom moved me
C/o Dennis Cross # 2625

# Questions

1.) Were all procedural guidelines adhered to, on 10-18-06 Involving the alleged assault on C/o Dennis CROSS # 2625 ?

2.) Were ~~and of~~ you present during the alleged assault?

3.) Did you assist C/o Cross # 2625 in restoring institutional order?

4.) Did you see C/o Cross handcuff I/m Cruz?

5.) Did you see I/M Cruz Assault C/o CROSS # 2625 ?

6.) What did you see on 10-18-06 Regarding the alleged incident?

7.) Have you discussed this incident with anyone?

8.) Did you file a DC 434 regarding the alleged incident?

9.) Did you see C/o CROSS # 2625 Place a lead chain on I/m Cruz?

10.) Did you see a second officer with C/o Cross?

11.) Could the incident have been handled any better?

12.) Was inmate Cruz Combative or injured when C/o arrived?

Signature X _Jose Cruz_ # 012594

X _Samuel R. Brown AZ 7590_

# LIST OF EVIDENCE

1.) Photographs taken by Internal AFFAIRS IN THE AMOUNT OF #1 Pictures OF Injuries.

2.) Video recording of Stateville Extraction team.
   # (1.) video in Armory.

3.) Medical Records of Injuries sustained during the incident.

4.) Reports made by Correctional Officer(s) involved with incident or who Came in Contact with me on that day after the — Alleged incident.

5.) DC 434's.

Signature X _Jose Cruz_ # R12294
                  Jose Cruz          # R12244

X _Earnell R. Brown_ A27580
         EARNELL R. BROWN     R27580

## AFFIDAVIT OF AFFIRMATION  UNDER PENALTY OF PERJURY

I, _JoSE CruZ # R12294_ , affiant, do hereby declare
and affirm under penalty of perjury as defined in 735 ILCS 5/1-109,
28 USC 1746 or 18 USC 1621 that everything contained herein is true
and accurate to the best of my knowledge and belief.  I further declare
and affirm that the contents of the foregoing document(s) is/are known
to me and is/are accurate to the best of my knowledge and belief.
Finally, I do declare and affirm that the matter at hand is not taken
either frivolously or maliciously and that I believe the foregoing matter
is taken in good faith.

Signed on this _18_ day of _November_ ,
200 _6_ .

_Jose J. Cruz_
**Affiant**

X _Garnell R Brown_ R27570
  GARNELL  R  BROWN  R27580

— proof of dates

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Authorization for Payment

Posting Document # _____   Date __12/3/06__

Offender Name __JOSE Cruz__   ID# __R12294__   Housing Unit __N-515__

Pay to _____   __North House__

Address _____   __Gallery 5__

City, State, Zip _____   __Cell # 515__

The sum of _____ dollars and _____ cents charged to my trust fund

account, for the purpose of __POSTAGE & Mail going to the (A.R.B), P.O. Box 19277, Springfield, IL 6 794__

☒ I hereby authorize payment of postage for the attached mail. ☐ I hereby request information on electronic funds transfers to be placed in the attached mail.

Offender Signature __Jose L. Cruz (A.R.B)__   ID# __R12294__

Witness Signature _____   **491087** DEC. 04. 2006

☐ Approved ☐ Not Approved   Chief Administrative Officer Signature _____

Postage applied in the amount of _____ dollars and __24__ cents.

__Legal Extra Postage__

Distribution: Business Office, Offender

Printed on Recycled Paper

DOC 0296 (Eff. 1/2006)
(Replaces DC 828)

1 of 1  D 7:9:9 4x3

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
### Return of Grievance or Correspondence

Offender: _CRUZ_ _JOSE_ _—_ _R12294_
Last Name        First Name        MI        ID#

Facility: _POM_

☑ Grievance (Local Grievance # (if applicable): _____ ) · or · ☑ Correspondence
Received: _12, 11, 06_   Regarding: _Disipline (10/18/06)_
Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☑ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable.

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:   Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL   62794-9277

**Misdirected:**

☑ Contact your correctional counselor regarding this issue.

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee. If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to: Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL   62706

**No further redress:**

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on ___/___/___.
Date

☐ No justification provided for additional consideration.

**Other** (specify): _____

Completed by: _BRIAN FAIRCHILD_    _Brian Fairchild_    _1, 4, 07_
Print Name                    Signature                    Date

Distribution:   Offender; Inmate Issues

DOC 0070 (10/2001)
(Replaces DC 710-1274)

Roger E. Walker Jr.                                    12/25/06
Director Of I.D.O.C -


Mr. Walker Jr.;
Director of the Illinois Department Of Corrections. I'm
writing you this letter on my behalf. To see if
you can review ticket #200604/66/1-PON ; the copy
of my grievance, that is included in this letter.
That was written by Correctional Officer Dennis
Cross #2625. As well as the results of the
adjustment Committee - final summary-.
      I was given:
# 1 year C grade
# Indeterminate Segregation
# Revoke GCC a S*T 1 year
# 6 months Commissary    Restriction
# 6 months Audio/Visual   Restriction
# 6 months Contact Visit Restriction
      On November 18th of 2006, I send a copy of
this grievance out to the ARB.
      I feel that the adjustment committee, didn't
interview witness, took evidence into consideration,
or looked at my injuries or interviewed any
body. Also the adjustment committee didn't
provide me with the time to prepare myself, with
a continuance to prepare myself for a defense.
To provide my innocent innocense on this
alleged incident. That I act in a manner

*Proof of Dates*

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Authorization for Payment

Posting Document # _____   Date _12/25/06_

Offender Name _Jose_ *Cruz* _____   ID# _R12294_   Housing Unit _N-5/5_

~~Pay~~ To: *ROGER E WALKER, JR - Director of I.D.O.C -*

Address _1301 Concordia Court, P.O. Box 19277_

City, State, Zip _Springfield IL 62794-9277_

The sum of _____ dollars and _____ cents charged to my trust fund

account, for the purpose of _Postage - Certified MaiL-_

☑ I hereby authorize payment of postage for the attached mail. ☐   I hereby request information on electronic
funds transfers to be placed in the attached mail.

Offender Signature _Jose Cruz_   ID# _R12294_

Witness Signature _____

☐ Approved ☐ Not Approved   Chief Administrative Officer Signature _____   **494930** DEC. 27. 2006

Postage applied in the amount of ___4___ dollars and _73_ cents.

Distribution:  Business Office, Offender   *Certified Previleged*

*Printed on Recycled Paper*

DOC 0296 (Eff. 1/2006 )
(Replaces DC 828)

---

Postal Service
~~CE~~RTIFIED MAIL RECEIPT
~~Dom~~estic Mail Only: No Insurance Coverage Provided)

~~De~~livery information visit our website at www.usps.com.

# OFFICIAL USE

| | |
|---|---|
| Postage | $ _.48 Extra Postage_ |
| Certified Fee | _425_   _1 Stamp Envelope_ |
| ~~Retur~~n Receipt Fee (~~Endorse~~ment Required) | _Mailed_ Postmark Here |
| ~~Restricte~~d Delivery Fee (~~Endorse~~ment Required) | _12-27_ |
| ~~Total Po~~stage & Fees | $ _4.73_ |

_Roger Walker, Dir_

~~Street, Apt. No.;~~
~~or PO Box No.~~

~~City, State, ZIP+4~~

~~PS Form~~ 3800, June 2002   See Reverse for Instructions

---

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

_Roger Walker, Dir._
_1301 Concordia Ct._
_P.O. Box 19277_
_Springfield, Il. 62794-_
_9277_

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _RASIS_   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

SPRINGFIELD DEC 2 9 2006 USPS 62703

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)   7005 1820 0005 3711 0064

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**HEARING OF ADMINISTRATIVE REVIEW BOARD**
**VIDEO CONFERENCE**

*DATE OF HEARING:* January 24, 2007

*INSTITUTION:* Pontiac Correctional Center, Pontiac, Illinois

*GRIEVANT NAME:* Jose Cruz, Register No. R12294

*BOARD MEMBERS PRESENT:* Sherry Benton, Administrative Review Board Chairperson, Office of Inmate Issues, Department of Corrections.

Grievant was personally interviewed by the Administrative Review Board. All information submitted to the Board by the Grievant, and the institution related to the issue being grieved, was reviewed. Issues warranting further action / consideration were discussed with the Pontiac Correctional Center administration.

Nature of Grievance: Offender Cruz is grieving a disciplinary report dated October 20, 2006 (observed 10/18/06), received at Stateville Illinois Correctional Center. Also, Staff Conduct (Excessive Force by R/O Cross).

Findings: The disciplinary report of October 20, 2006 regarding an incident which occurred on October 18, 2006 at 10:15 AM, was written by Officer Cross charging violation of DR504: 100-Violent Assault of any Person. Offender is charged with the following: On above date and approximate time while getting on inmate out for an interview, this inmate was informed of the interview and upon being cuffed thru chuckhole and opening the cell door, this officer was attacked by inmate Cruz R12294, with cuff in hand and a food tray striking this officer about the face and head. The disciplinary report was served on October 26, 2006 at 5:30 PM.

The Adjustment Committee Hearing (200604166/1-PON) was conducted at Pontiac Correctional Center on November 3, 2006 at 10:50 AM. The Adjustment Committee found the Grievant guilty of the charge. The recommended disciplinary action was: 1 year C-grade, indeterminate segregation, 1 year revocation of Good Conduct Credits, 6 months loss of audio/visual, 6 months loss of commissary and 6 months loss of contact visits. CAO concurred on November 13, 2006. This revocation is currently pending before the Prisoner Review Board.

Offender's Statement: He opened the door without authorization while I was in seg. He (R/O Cross) had the handcuffs 'like brass knuckles' and struck me in the face. I had self-defense wounds from this. He was unprofessional and he falsified his report. I want a polygraph test and I'll pay for it. I was never informed of an interview and I was not handcuffed. I didn't have time to prepare for I/A or the Adjustment Committee.

This office reviewed the incident reports relative to this incident, contacted Mental Health Staff, Health Care Staff and Internal Affairs Staff.

Recommendations: Based on a review of all information and a compliance check of the procedural due process safeguards outlined in Department Rule 504, the Board is reasonably certain the Grievant committed the offenses, and therefore recommends the grievance be denied, as this office has no verifiable reason to discount the report, information reviewed or staff's comments. Charges of staff misconduct or unnecessary use of force is not substantiated.

*FOR THE BOARD:* _Sherry Benton_
Sherry Benton.
Administrative Review Board Chairperson
Office of Inmate Issues

*CONCURRED:* _Roger E. Walker, Jr._    January 26, 2007
Roger E. Walker, Jr.
Director

cc:   Warden Eddie Jones, Pontiac Correctional Center
      Jose Cruz, Register No. R12294

**BEGIN USING FROM BOTTOM UP**

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _____ Reg. # _____ Date: _____

Problem _____

ORDER: (Physician's Signature After Last Order) _____

_____

_____

_____

DEA/Illinois Lic. # _____ Physician (Print) _____ M.D.
  ☐ May Substitute _____ M.D.
  ☐ May Not Substitute _____ Date: _____
DCA 7000
IL 426-1417          Noted by: _____

---

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _____ Reg. # _____ Date: _____

Problem _____

ORDER: (Physician's Signature After Last Order) _____

_____

_____

_____

DEA/Illinois Lic. # _____ Physician (Print) _____ M.D.
  ☐ May Substitute _____ M.D.
  ☐ May Not Substitute _____ Date: _____
DCA 7000
IL 426-1417          Noted by: _____

Nee                    (32)              ✓          NBA

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _____CRUZ, Jose_____ Reg. # _C1229Y____ Date: _10/7/04_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

_____ DEPAKENE 250 BID / 6 Mos

_____ S. STAMPLEY_

DEA/Illinois Lic. # _____ Physician (Print) _____ M.D.
  ☐ May Substitute _____ M.D.
  ☐ May Not Substitute _____ Date: _____
DCA 7000          Noted by:



ILLINOIS DEPARTMENT OF CORRECTIONS
Offender Health Status Transfer Summary

**Transferring Facility:**

S T A - N R C _____ Center

Off —

R12294  CRUZ, JOSE
Age:   23
Race: WHI
NRC 10/17/2006

DOB: 06/26/1983
Sex: M

ID#:_____

Date: 10, 18, 06      Time:_____

32

| Transfer Screening (completed by transferring facility health care staff):  ☐ HIV Test & Counseling Offered  (only transfers to ATC, parole, release or discharge) |
|---|
| Allergies: DKA — FISH      Food Handler Approved: _____ |
| Current / Acute Conditions / Problems: _____ |
| Chronic Conditions / Problems: _____ |

**Current Medications** (name, dosage, frequency, and duration):

Acute Short-term: _____

Chronic Long-term: _____

Chronic Psychotropic: DEPAKENE  500mg BID

**Current Treatments:** _____

**Therapeutic Diets:** REGULAR _____

**Follow-Up Care:** ROUTINE _____

**Chronic Clinics:** Ø

**Specialty Referrals:** Ø  Mental Health

**Significant Medical History:** Inm assaulted staff member 10/18/06 was sprayed & pepper gas

**Physical Disabilities / Limitations:** Ø

**Assistive Devices / Prosthetics:** Ø        ☐ Glasses    ☐ Dentures

**Mental Health Issues:**  ☐ Hx Suicide Attempt: Date: ___/___/___    ☐ Hx Psych Med  ☐ Hx MPC / STC   Substance Abuse: ☐ Alcohol ☐ Drugs

K. D. Grote, RN
Print Name and Title

_signature_

10, 18, 06
Date

| Reception Screening (completed by receiving facility health care staff): |
|---|
| Facility: Pontiac      Date: 11, 17, 06   Time: 1045  ☑ a.m. ☐ p.m. |

Subjective:     Assessment:

Current Complaint: None

Current Medications/Treatment: Depakene 500mg

Objective:

Physical Appearance/Behavior: Clean + Approp

Deformities: Acute/Chronic: Dentes

T: _____  P: _____  R: _____  B/P: _____  no security

Plan: Disposition:
☐ Health Information Given        ☐ Emergency Referral: _____
☐ Sick Call:  Urgent / Routine
☐ Medication Evaluation    ☐ Therapeutic Diet   ☐ Special Housing  ☐ Chronic Clinics
☐ Work / Program Limitation  ☐ Specialty Referrals  ☐ Other (specify):_____
☐ Infirmary Placement:
☐ HIV Test & Counseling Offered (only transfers from R&C)
☐ Other (specify):_____

Birkel RN7
Printed Name and Title

_signature_ RN7

11, 17, 06
Date

**For Adult Transition Center transfers only:**

I understand that medical and dental care are my responsibility while I am housed in a transition center. I also understand that if I am in need of health care and I cannot afford to pay for it, I may be transferred back into a facility within the Department that can provide my medical, mental health, or dental needs.

☐ a.m. ☐ p.m.

_____        _____        _____
Offender's Signature              Date            Time

ILLINOIS DEPARTMENT OF CORRECTIONS

**Medical Services Refusal**

**Stateville Correctional Center**

☐ Employee
☑ Offender

Date: _10, 18, 06_   ☐ a.m.
Time: _____   ☐ p.m.

Patient Information:   _Cruz_   ID#: _R12294_
Last Name       First Name       MI

☑ **Refusal of Services**

I refuse to authorize the performance upon myself or _Cruz_
Name of Patient

of the following treatment _sutures to (3) palm of hand_
State nature and extent of treatment.

☐ **Discharge Demand**

I further demand DISCHARGE of myself or _____
Name of Patient

from _____ against the advise of Dr. _____
Name of Medical Facility                                    Name of Doctor

Dr _L. Williams PA_ has explained the risks to me, possible complications and probable
Name of Doctor

consequences of refusing treatment or demanding discharge from this medical facility or both.

I hereby release the Attending Physician, the _Stateville CC_, the Facility, and
Name of Medical Facility

the Department of Corrections from all liability for damages or any injuries including to my health caused by or arising out of this

refusal whether foreseen or unforeseen.

I certify that I have read and fully understand the above REFUSAL OF TREATMENT OR DISCHARGE DEMAND FROM

MEDICAL FACILITIES RELEASE OR BOTH, that the explanations therein referred to were made, and that all blanks or statements

requiring insertion or completion were filled in and inapplicable paragraphs, if any, were stricken before I signed.

→ _refused to sign_                    _____   / /
Print Name of Patient                        Signature of Patient          Date

When patient is a Minor or Incompetent to give consent:

_____                    _____   / /
Print Name of Person Authorized to Consent        Signature of Person Authorized to consent    Date

_T. Sangster_                    _____ 10/17/06   / /
Print Name of Witness                        Signature of Witness          Date

Distribution:   Patient's Medical Record or File                                      DOC 0083 (Eff. 9/2002)

Allergies? some of meds

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

**Stateville Correctional Center**

Offender Information:

Cruz                    Jose                    ID# R12294
Last Name               First Name        MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| 10/18/06 11A | PA NOTE  Inmate brought from NRC by tact unit involved in staff assult. Refusing medical care. Just requesting shower. "I'm alright." States his allergic to meds but not aware of what. No allergy to tylenol. → P = gen = wd, wm, red, hand cuffed behind back → skin = (LT) hand palm c laceration) approx. 2" lam. → irregular in shape; (RT) side face lateral to eye, in eyebrow c → superficial laceration) abrasion → mouth = abrasion/contusion noted (LT) lower lip, inner, approx. 3-4mm. (RT) upper lip, inner c approx 4-5mm. swollen, tent to palp. | 1. clean / debride all abrasions/ lacerations 2. Tylenol 325mg ii q4-6 prn pain 3. Dental referral/ evaluation 4. pt education/ reassurance 5. Recommend shower. 6. RTC prn 7. psych eval stat |

DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

#### Offender Outpatient Progress Notes

#### Stateville Correctional Center

Offender Information:

Last Name: Cruz    First Name: Jose    MI: ____    ID#: R12294

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 10/18/06 11⁰⁰A. | PA NOTE (CONT) | |
| | O = (cont) | |
| | + ~~H~~ ~~wd~~ RSR (irrg), lungs ctA Ⓑ | |
| | Teeth = unable to evaluate | |
| | 2° to SR pain | |
| | Neuro = oriented x 3, states he | |
| | cant remember his ago. | |
| | A = 1. laceration (L) palm | |
| | 2 multiple abrasions / | |
| | contusions. | |
| | 3 conjunctival hemorrhage (L) | |
| | eye | |
| | 4. psych | |
| 10/18/06 11:15A | Addendum. | |
| | "I think my teeth are coming | |
| | out, but I'm okay. I had a GSW | |
| | to lung at 62 y/o. I'm on psych meds | |
| | and I'm supposed to be at Dixon, not | |
| | here). | |

DOC 0084 (Eff. 9/2002
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

### Stateville Correctional Center

Offender Information:

Cruz                    Jose                    ID#: R12294
Last Name              First Name         MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| 10/18/06 | | |
| 11:30 AM | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Printed on Recycled Paper

DOC 0084 (Eff. 9/2002
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

### Stateville Correctional Center

Offender Information:

Last Name: Cruz   First Name: Jose   MI: _____   ID#: R12294

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 10/18/06 | RN Note | |
| 11:30am | I/m admitted on 10' strip cell status. He was escorted to Sta Hcu by Tact Team due to I/m hitting C.O. c a tray. I/m was throughly assessed in the ER where he refuses sutures. To Lt Palm I/m was sprayed c pepper gas He has some large areas of redness on arms, face, chest and abdomen Per security I/m was given a shower a Being Escorted to Sta as Evidenced By the new jump suit he had on. _____ | |
| | | |

DOC 0084 (Eff. 9/2002
(Replaces DC 7147)

11/16/07

ILLINOIS DEPARTMENT OF CORRECTIONS

### Offender Infirmary Progress Notes

### Stateville Correctional Center

| Offender Information: | | |
|---|---|---|
| CRUZ | Jose | ID#: R12294 |
| Last Name | First Name | MI |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 10/18/06 1:30 P | Psych -<br>The patient is a 23 y/o man who has been under 10 S.W. P assault of officer. When interviewed he said he didn't know why he was here and any psychot process No suicidal or homicidal ideas -<br><br>He has been on Depaken 250 po BID<br><br>A: Bipolar D/O<br><br>Considering change pattern / violent behavior, he is in need of under 10 S.W. & med unpredictable behavior | P/an:<br>① Admin to Inf<br>  10 S.W.<br>  suicide observation<br>② Depaken 500 po BID<br>③ will / level in few days |

Distribution: Offender's Medical Record

11/16/07

DOC 0085 (Eff. 9/2002)
(Replaces DC 7147)

Exhibit I 8 of 26

## ILLINOIS DEPARTMENT OF CORRECTIONS
### Offender Outpatient Progress Notes
### Stateville Correctional    Center

**Offender Information:**

| Cruz | Jose | ID#: R12294 |
|------|------|-------------|
| Last Name | First Name | MI |

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| 10/19/06 | **INFIRMARY ADMISSION SHEET** | |
| 2:30p | S: (Complaints): | |
| | | |
| | Reason for Admission: Staff assaulter | |
| | Admitting Physician: | |
| | O: D.O.B. 6/26/83 | |
| | Age: R  Wt: R  Ht: R ** | |
| | T: R  P: R  R: R  B/P: _____ | |
| | Allergies: NKA | |
| | Other Medical Conditions: Refused | |
| | | |
| | | |
| | Current Medications: See mar | |
| | | |
| | | |
| | | |
| | | |
| | Assistive Devices* 0 | |

| Glasses: 0 | Contact Lenses: 0 | Artificial Eye: 0 | Hearing Aid: |
|---|---|---|---|

| Dentures: 0 | Artificial Limb: 0 | |
|---|---|---|

| Paralysis: 0 | Weakness: _____ |
|---|---|

Distribution: Offender's Medical Record    *: Check those items which apply
**: May be stated if unable to measure
*Printed on Recycled Paper*

DOC 0084  (Eff. 9/2002)

(Replaces DC 7147)

Excel-O:wpfiles/Forms/Med. Prog. Notes Forms/Infirmary Admission Sh

# ILLINOIS DEPARTMENT OF CORRECTIONS
## Offender Outpatient Progress Notes
### Stateville Correctional    Center

| Offender Information: |
|---|

Last Name: Cruz        First Name: Jose        ID#: R 12274

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 10/18/06 2:50p | Skin: | P; Orientation to Unit / |
| | Cleanliness: _____ Rashes: _____ | Instructions given: |
| | Blisters: _____ Lesions: _____ | |
| | Scars: _____ Wounds: _____ | |
| | Describe: Redness to Face, arms & chest From Pepper gas | |
| | Color:* | |
| | Normal: ✓ Pale: _____ | |
| | Flushed: _____ Cyanotic: _____ | |
| | Mental Status:* | |
| | Alert: ✓ Semi-Conscious: _____ | |
| | Confused: _____ Unconscious: _____ | |
| | Mode of admission: Amb. | |
| | Speech and Communication: Clear | |
| | | |
| | Deformities: | |
| | Other: | |
| | | |
| | A: Admitting Diagnosis: | |
| | | |
| | | |

Distribution: Offender's Medical Record    * Check those items which apply        DOC 0084 (Eff. 9/2002)
** May be stated if unable to measure
Printed on Recycled Paper                (Replaces DC 7147)
Excel-G:\wpfiles/Forms/Med. Prog. Notes Forms/Infirmary Admission Sh

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Infirmary Progress Notes

### Stateville Correctional Center

Offender Information:

Cruz                     Jose                     ID#: R12294

Last Name          First Name          MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| 10/18/06 | RN Note | |
| 2:30 pm | 7pm made a full admission | |
| | Suicide Gown not available | |
| | Dr. Sam Notified | |
| | | |
| | | |
| 10/18/06 | MD nots | Discharge the/by |
| 4-12p | | Transfer |
| | | the 2/M |
| | | Event by MHH |
| | | at destination |
| | | |
| | | |
| | | |
| | | |

Printed on Recycled Paper

DOC 0065 (Eff. 9/2002)
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

# 10 MINUTE SUICIDE WATCH
## Stateville Correctional Center

**Security Staff:** This is the Suicide Watch Log for Inmate being monitored in the Health Care Unit or in an appropriately equipped cell in a living unit. In Strip Cell status. Make visual, and when possible, verbal contact with the inmate at each 10-minute interval at the time noted below at each 10-minute interval and sign your initials next to the time of each contact. Indicate in the adjacent spaces provided whether, for example, inmate is awake, asleep, agitated, calm, etc. Use either side of log to describe any further relevant behaviors.

Inmate Name: CB42    ID#: 2/0294

Today's Date: 10-19-20    Cell #: N.8/30

| 7-3 shift Behavioral observation | | 3-11 shift Behavioral observation | | 11-7 shift Behavioral observation | | 11-7 shift Behavioral observation | |
| Initial / time | obs. | Initial / time | obs. | Initial / time | obs. | Initial / time | obs. |
|---|---|---|---|---|---|---|---|
| 11:10 AM | Crisis in cell | 3:10 PM | @ Door | 11:10 PM | | 3:10 AM | |
| 11:20 AM | Unsea | 3:20 PM | @ Door | 11:20 PM | | 3:20 AM | |
| 11:30 AM | on bed | 3:30 PM | @ Door | 11:30 PM | | 3:30 AM | |
| 11:40 AM | @ door | 3:40 PM | @ Door | 11:40 PM | | 3:40 AM | |
| 11:50 AM | @ door | 3:50 PM | @ Door | 11:50 PM | | 3:50 AM | |
| 12:00 PM | @ cell | 4:00 PM | @ Door | 12:00 AM | | 4:00 AM | |
| 12:10 PM | @ cell | 4:10 PM | @ Door | 12:10 AM | | 4:10 AM | |
| 12:20 PM | @ cell | 4:20 PM | @ Bed | 12:20 AM | | 4:20 AM | |
| 12:30 PM | standing by door | 4:30 PM | Request to... | 12:30 AM | | 4:30 AM | |
| 12:40 PM | standing by bars | 4:40 PM | | 12:40 AM | | 4:40 AM | |
| 12:50 PM | standing by bars | 4:50 PM | | 12:50 AM | | 4:50 AM | |
| 1:00 PM | Washing face | 5:00 PM | | 1:00 AM | | 5:00 AM | |
| 1:10 PM | Washing face | 5:10 PM | | 1:10 AM | | 5:10 AM | |
| 1:20 PM | lying on bed | 5:20 PM | | 1:20 AM | | 5:20 AM | |
| 1:30 PM | Sitting on bed | 5:30 PM | | 1:30 AM | | 5:30 AM | |
| 1:40 PM | Talking to Paul | 5:40 PM | | 1:40 AM | | 5:40 AM | |
| 1:50 PM | Sitting on bed | 5:50 PM | | 1:50 AM | | 5:50 AM | |
| 2:00 PM | Shadow boxing | 6:00 PM | | 2:00 AM | | 6:00 AM | |
| 2:10 PM | shadow boxing | 6:10 PM | | 2:10 AM | | 6:10 AM | |
| 2:20 PM | @ door | 6:20 PM | | 2:20 AM | | 6:20 AM | |
| 2:30 PM | @ door | 6:30 PM | | 2:30 AM | | 6:30 AM | |
| 2:40 PM | @ door | 6:40 PM | | 2:40 AM | | 6:40 AM | |
| 2:50 PM | @ door | 6:50 PM | | 2:50 AM | | 6:50 AM | |
| 3:00 PM | @ door | 7:00 PM | | 3:00 AM | | 7:00 AM | |
| | | 7:10 PM | | | | | |
| | | 7:20 PM | | | | | |
| | | 7:30 PM | | | | | |
| | | 7:40 PM | | | | | |
| | | 7:50 PM | | | | | |
| | | 8:00 PM | | | | | |
| | | 8:10 PM | | | | | |
| | | 8:20 PM | | | | | |
| | | 8:30 PM | | | | | |
| | | 8:40 PM | | | | | |
| | | 8:50 PM | | | | | |
| | | 9:00 PM | | | | | |
| | | 9:10 PM | | | | | |
| | | 9:20 PM | | | | | |
| | | 9:30 PM | | | | | |
| | | 9:40 PM | | | | | |
| | | 9:50 PM | | | | | |
| | | 10:00 PM | | | | | |
| | | 10:10 PM | | | | | |
| | | 10:20 PM | | | | | |
| | | 10:30 PM | | | | | |
| | | 10:40 PM | | | | | |
| | | 10:50 PM | | | | | |
| | | 11:00 PM | | | | | |

I certify that I have provided verbal and or visual contact with this inmate at the times indicated.

OFFICER (7-3): _____    OFFICER (3-11): _____    OFFICER (11-7): _____

LUNCH RELIEF OFF. _____    LUNCH RELIEF OFF. _____    LUNCH RELIEF OFF. _____

**Completed Watch Logs are to be signed and turned in to the Sergeant.**
**SIGN YOUR NAME ABOVE AT THE END OF YOUR SHIFT**

Form # applied for



ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

**PONTIAC CORRECTIONAL** Center

Transfer from Stateville
No chart

| Offender Information: | | |
|---|---|---|
| Kruz | Jose | ID#: R12294 |
| Last Name | First Name | MI |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 10-18-06 60° | ~~URGENT CARE VISIT~~ DATE _____ TIME _____ VITAL SIGNS 99% room air B/P 128-88 P 99 R 18 WEIGHT 176 (our note) | T/o Dr Garlick / R. McKinsey RN 30 min crisis |
| | S - "I refused to give up my tray cause I wanted to see the psych. I wanted my meds the officer beat me, And I hit him & blocked the hits. It went pow pow - then pow. On the third hit I got him to ball up, I tried to drag the officer to the day room out in the open to get him." Voice no other C/o. | watch May have blanket jumpsuit mattress blanket Orders per Security/Major Quinley - 15 min Security Watch & jumpsuit shoes blanket sheet mattress R McKinsey |
| L hand slight abrasion 1 cm ext no suture needed | O - On R hand thumb 1cm cut - by 1-2 mm deep no suture needed also 1½ cm abrasion of thumb out of thumb - no sutures needed R side of face near R eye red scrapes/marks approx long 6cm - shorts 1cm - total of 5 also Slight swelling around eye - not bruised Smiling - laughing - happy CNT NOTE CON | |



ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

### PONTIAC CORRECTIONAL Center

Offender Information:

Kruz                    Jose                    ID#: R12294
    Last Name                First Name          MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| 10-18-06 6:05 | Cont Note (con) O 2 weeks on wrist approx 6 cm ① siolo Legs + wrist chest & drsg or weeks w/ Transfer from Stateville - & writhers Clearly cut | |
| 10/18/06 6:05 p | RN Note O Cleanse laceration ℝ hand. Advised offender to cleanse self when placed in cell. Respiration unlabored. Alert x0x 3 Speech clear, non pressured. Good eye contact. Laughing P McGrisyer | |

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

PONTIAC CORRECTIONAL   Center

Offender Information:

KRUZ                    JOSE                    ID#: R12294
Last Name               First Name        MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 10-18-06 6:30p | RN Admission Note | P: CPM |
| | O: I/m admitted to Inf 22 | |
| | for security placement | |
| | Ambulatory, escorted | |
| | by security, gait steady. | |
| | Lac noted to (Rt) hand. No | |
| | c/o voiced. NAD noted. | |
| | A: Security placement/psych | Lin Hahn |
| 8/18/06 | RN NOTE | |
| 11pm | O: Lying quietly. Eyes closed. | |
| | No problems noted | P: CPM |
| | A: Security placement/psych — | A Beesher |
| 10-19-06 | RN Note | |
| 740An | O: Meal tray served. Quiet and | |
| | S complaints. Rest easy. Ødistress noted. | |
| | Jennifer RN | |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 8/2002)
(Replaces DC 7147)

Printed on Recycled Paper



ILLINOIS DEPARTMENT OF CORRECTIONS
## CRISIS CARE ORDERS
Pontiac Correctional Center

OFFENDER NAME: _Cruz, Jose_   NUMBER: _R12294_   CELL HOUSE: _dnf #22_

## SUICIDE WATCH ORDERS

1. **CHECKS EVERY 10 MINUTES**

2. **ADDITIONAL ORDERS/CONDITIONS ORDERED BY THE MENTAL HEALTH PROFESSIONAL (MHP):**

_____

_____

_____

_____

SHIFT COMMANDER NOTIFIED: _____ DATE/TIME: _____
                          PRINT NAME & RANK

ORDERING MHP: _____ DATE/TIME: _____
              PRINT NAME & TITLE          SIGNATURE

NURSE/ CRISIS TEAM MEMBER: _____ DATE/TIME: _____
                          PRINT NAME & TITLE/RANK      SIGNATURE

## CLOSE SUPERVISION WATCH ORDERS

(1.) **CHECKS EVERY 15 MINUTES** — _Security_

2. **ADDITIONAL ORDERS/CONDITIONS ORDERED BY THE MENTAL HEALTH PROFESSIONAL (MHP):**

_Per Major Quinley, & Warden Jones_
_jumpsuit_
_clothes_
_blanket sheet Mattress_

SHIFT COMMANDER NOTIFIED: _____ DATE/TIME: _____
                          PRINT NAME & RANK

ORDERING MHP: _____ DATE/TIME: _____
              PRINT NAME & TITLE          SIGNATURE

NURSE/ CRISIS TEAM MEMBER: _P. McKinsey RN_ DATE/TIME: _10/18/06_
                          PRINT NAME & TITLE/RANK      SIGNATURE

## OBSERVATION WATCH ORDERS

(1.) **CHECKS EVERY 30 MINUTES**

2. **ADDITIONAL ORDERS/CONDITIONS ORDERED BY THE MENTAL HEALTH PROFESSIONAL (MHP):**
_May have Mattress, jump suit, blanket_
_Thirty minutes MH checks & property incl underwear, jumpsuit, blanket,_
_mattress_ — _27 (?) 10/19/06 8:45 AM_

SHIFT COMMANDER NOTIFIED: _____ DATE/TIME: _____
                          PRINT NAME & RANK

ORDERING MHP: _T/O Dr Garrick /P McKinsey_ DATE/TIME: _10/18/06_
              PRINT NAME & TITLE          SIGNATURE          6:15 P

NURSE/ CRISIS TEAM MEMBER: _P. McKinsey RN  McKinsey_ DATE/TIME: _10/18/06_
                          PRINT NAME & TITLE/RANK      SIGNATURE

Distribution: Offender Medical File        _Cont'd 30 min √'s. 10/20/06 9:00 Am._   PON 0347 (eff. 10/2006)
              Mental Health Department
                                           Printed on Recycled Paper

*Security Placement*

# ILLINOIS DEPARTMENT OF CORRECTIONS
## CRISIS CARE PLACEMENT
### Pontiac Correctional Center

INITIAL PLACEMENT DATE: 10-18-06   TIME: *Approx 6⁵ᵖᵐ*   AUTHORIZED BY: *Maj Quinby*
(Print Name & Title)

TYPE OF CRISIS WATCH:   [ ] 10 - MINUTE   [X] 15 - MINUTE   [ ] 30 - MINUTE

OFFENDER NAME: *Cruz*   NUMBER: *R12294*   DATE: *10-18-06*   LIVING UNIT: *H-22*

| TIME | ACTIVITY (NOTE BEHAVIOR & SPEECH) | SIGNATURE (SIGN LEGIBLY) | TIME | ACTIVITY (NOTE BEHAVIOR & SPEECH) | SIGNATURE (SIGN LEGIBLY) |
|------|------|------|------|------|------|
| 6¹⁵ | in W/C | Yaeger | 10⁴⁵ | on Bed | Yaeger |
| 6³⁰ | Secured in H-22 | Yaeger | 11⁰⁰ᵖ | on bed | Reed 12518 |
| 6³⁰ | sitting on Bed | Yaeger | 11¹⁵ᵖ | on bed | Reed |
| 6⁴⁵ | Laying on Bed | Yaeger | 11³⁰ᵖ | on bed | Reed |
| 7⁰⁰ | Laying on Bed | Yaeger | 11⁴⁵ᵖ | on bed | Reed |
| 7¹⁵ | at Door | Yaeger | 12⁰⁰ᵃ | on bed | Reed |
| 7³⁰ | at Door | Yaeger | 12¹⁵ᵃ | on bed | Reed |
| 7⁴⁵ | on Bed | Yaeger | 12³⁰ᵃ | on bed | Reed |
| 8⁰⁰ | at Door | Yaeger | 12⁴⁵ᵃ | on bed | Reed |
| 8¹⁵ | Laying on Bed | Yaeger | 1⁰⁰ᵃ | on bed | Reed |
| 8³⁰ | on Bed | Yaeger | 1¹⁵ᵃ | on bed | Reed |
| 8⁴⁵ | on Bed | DL | 1³⁰ᵃ | on bed | Reed |
| 9⁰⁰ | @ Door | DL | 1⁴⁵ᵃ | on bed | Reed |
| 9¹⁵ | on Bed | Yaeger | 2⁰⁰ᵃ | on bed | Reed |
| 9³⁰ | on Bed at Count | Yaeger | 2¹⁵ᵃ | on bed | Reed |
| 9⁴⁵ | on Bed | Yaeger | 2³⁰ᵃ | laying on bed | Snyder 3393 |
| 10⁰⁰ | on Bed | DL | 2⁴⁵ᵃ | laying on bed | Snyder |
| 10¹⁵ | on Bed | DL | 3⁰⁰ᵃ | laying on bed | Snyder |
| 10³⁰ | on Bed | DL | 3¹⁵ᵃ | laying on bed | Snyder |

7-3 SHIFT STAFF ASSIGNED: _____   RELIEF BY: _____
(PRINT NAME & BADGE #)                                    (PRINT NAME & BADGE #)

3-11 SHIFT STAFF ASSIGNED: *C/O J. Quinn* 2776   RELIEF BY: *Yaeger* 8848
(PRINT NAME & BADGE #)                              (PRINT NAME & BADGE #)

11-7 SHIFT STAFF ASSIGNED: *J. Reed #12518*   RELIEF BY: *Snyder 3393*
(PRINT NAME & BADGE #)                           (PRINT NAME & BADGE #)

REVIEWING UNIT SUPERVISOR: *W. B. Dallas* 2469   DATE: 10-19-06   TIME: _____
(PRINT NAME & BADGE #)

## NOTE: *UPON EACH CRISIS STATUS CHANGE, A NEW SHEET MUST BE STARTED AND COMPLETED.*

ILLINOIS DEPARTMENT OF CORRECTIONS

# CRISIS CARE PLACEMENT
## Pontiac Correctional Center

*Security Placement*

INITIAL PLACEMENT DATE: 10-18-06   TIME: 6¹⁵/pm   AUTHORIZED BY: Major Quinley
(Print Name & Title)

TYPE OF CRISIS WATCH: ☐ 10 - MINUTE   ☒ 15 - MINUTE   ☐ 30 - MINUTE

OFFENDER NAME: Cruz   NUMBER: R12294   DATE: 10-19   LIVING UNIT: H-22

| TIME | ACTIVITY (NOTE BEHAVIOR & SPEECH) | SIGNATURE (SIGN LEGIBLY) | TIME | ACTIVITY (NOTE BEHAVIOR & SPEECH) | SIGNATURE (SIGN LEGIBLY) |
|---|---|---|---|---|---|
| 3³⁰ A | Laying on bed | Snyder 3393 | 8¹⁵ A | B OF I | Cain |
| 3⁴⁵ A | Laying on bed | Snyder | 8³⁰ A | B OF I | Cain |
| 4⁰⁰ | on Bed | Gannon | 8⁴⁵ | Back to H27 | Cain |
| 4¹⁵ | on Bed | Gannon | 9⁰⁰ A | on Bed | Cain |
| 4³⁰ | on Bed | Gannon | 9⁰⁰ | Placed on 30min ✓ per Gortrell | Cain |
| 4⁴⁵ | on Bed | Gannon | 9³⁰ P | | |
| 7⁰⁰ | on Bed | Gannon | 9⁴⁵ | | |
| 5¹⁵ | on Bed | Gannon | 10⁰⁰ A | | |
| 5³⁰ | on Bed | Gannon | | | |
| 5⁴⁵ | on Bed | Gannon | | | |
| 6⁰⁰ | on Bed | Gannon | | | |
| 6¹⁵ | on Bed | Gannon | | | |
| 6³⁰ | on Bed | Gannon | | | |
| 6⁴⁵ | on Bed | Gannon | | | |
| 7⁰⁰ P | on Bed | Cain | | | |
| 7¹⁵ P | EATING | Cain | | | |
| 7³⁰ A | ON Bed | Cain | | | |
| 7⁴⁵ | on Bed | C | | | |
| 8⁰⁰ | B OF I | Cain | | | |

7-3 SHIFT STAFF ASSIGNED: Cain 5715   RELIEF BY: _____
(PRINT NAME & BADGE #)                              (PRINT NAME & BADGE #)

3-11 SHIFT STAFF ASSIGNED: ___ 3422   RELIEF BY: _____
(PRINT NAME & BADGE #)                              (PRINT NAME & BADGE #)

11-7 SHIFT STAFF ASSIGNED: Gannon 10366   RELIEF BY: Snyder 3393
(PRINT NAME & BADGE #)                              (PRINT NAME & BADGE #)

REVIEWING UNIT SUPERVISOR: _____ DATE: _____ TIME: _____
(PRINT NAME & BADGE #)

**NOTE: UPON EACH CRISIS STATUS CHANGE, A NEW SHEET MUST BE STARTED AND COMPLETED.**

Distribution: Cellhouse

PON 0047 (Rev. 03/2006)

Printed on Recycled Paper

**ILLINOIS DEPARTMENT OF CORRECTIONS**

# CRISIS CARE PLACEMENT

Pontiac Correctional Center

INITIAL PLACEMENT DATE: 10-18-06     TIME: 6⁷ᴾ     AUTHORIZED BY: Mj. Quinley
                                                                 (Print Name & Title)

TYPE OF CRISIS WATCH:  ☐ 10 - MINUTE   ☐ 15 - MINUTE   ☒ 30 - MINUTE

OFFENDER NAME: CRUZ     NUMBER: R12394   DATE: 10-6-06  LIVING UNIT: H22

| TIME | ACTIVITY (NOTE BEHAVIOR & SPEECH) | SIGNATURE (SIGN LEGIBLY) | TIME | ACTIVITY (NOTE BEHAVIOR & SPEECH) | SIGNATURE (SIGN LEGIBLY) |
|------|------|------|------|------|------|
| 9⁰⁰ | Changes to 30 min Checks per Garlick | Cain | 5⁰ | on Bed | Yaeger |
| 9³⁰ᴬ | At Door | Cain | 5³⁰ | Laying on Bed | Yaeger |
| 9³⁰ᴬ | on Bed | Cain | 6⁰⁰ | Laying on Bed | Yaeger |
| 10⁰⁰ᴬ | on Bed | Cain | 6³⁰ | Laying on Bed | Yaeger |
| 10³⁰ | on Bed | Cain | 7⁰⁰ | on Bed | Yaeger |
| 11⁰⁰ᴬ | on Bed | Cain | 7³⁰ | Laying on Bed | Yaeger |
| 11³⁰ | Eating | Cain | 4⁰⁰ | on Bed | DL |
| 12⁰⁰ᴾ | At Door | Cain | 5⁰ | on Bed | DL |
| 12³⁰ | on Bed | Cain | 8⁰⁰ | on Bed | DL |
| 1⁰⁰ᴾ | on Bed | Cain | 8³⁰ | on Bed | DL |
| 1³⁰ | At Door | Cain | 9⁰⁰ | @ Door | DL |
| 2⁰⁰ᴾ | Pacing (nervous) | Cain | 9³⁰ | @ Door | DL |
| 2³⁰ᴾ | on Bed | Cain | 10⁰⁰ | @ Door | DL |
| 3⁰⁰ | @ Door | DL | 10³⁰ | @ Door | DL |
| 3³⁰ | @ Door | DL | 11⁰⁰ᴾ | on bed | Reed 12518 |
| 4⁰⁰ | on Bed | Yaeger | 11³⁰ᴾ | on bed | Reed |
| 4³⁰ | on Bed | Yaeger | 12⁰⁰ᴬ | on bed | Reed |
| 4⁴⁵ | on Bed | Yaeger | 12³⁰ᴬ | on bed | Reed |
| 5⁰⁰ | on Bed | Yaeger | 1⁰⁰ᴬ | on bed | Reed |

7-3 SHIFT STAFF ASSIGNED: Cain 5715     RELIEF BY: _____
                          (PRINT NAME & BADGE #)                    (PRINT NAME & BADGE #)
                                            3016

3-11 SHIFT STAFF ASSIGNED: %T Arbin     RELIEF BY: Yaeger 8845
                           (PRINT NAME & BADGE #)                   (PRINT NAME & BADGE #)

11-7 SHIFT STAFF ASSIGNED: %Reed #12518     RELIEF BY: _____
                           (PRINT NAME & BADGE #)                   (PRINT NAME & BADGE #)

REVIEWING UNIT SUPERVISOR: _____ DATE: _____ TIME: _____
                           (PRINT NAME & BADGE #)

**NOTE: UPON EACH CRISIS STATUS CHANGE, A NEW SHEET MUST BE STARTED AND COMPLETED.**

Distribution: Cellhouse                                    PON 0047 (Rev. 03/2006)

# CRISIS CARE PLACEMENT
## Pontiac Correctional Center

INITIAL PLACEMENT DATE: 10-18 06   TIME: 6¹⁵p   AUTHORIZED BY: Maj. Quinley _(Print Name & Title)_   _Gar (?c signed)_

TYPE OF CRISIS WATCH: ☐ 10 - MINUTE   ☐ 15 - MINUTE   ☒ 30 - MINUTE

OFFENDER NAME: CSV2   NUMBER: R12294   DATE: 10-20-06   LIVING UNIT: H-22

| TIME | ACTIVITY (NOTE BEHAVIOR & SPEECH) | SIGNATURE (SIGN LEGIBLY) | TIME | ACTIVITY (NOTE BEHAVIOR & SPEECH) | SIGNATURE (SIGN LEGIBLY) |
|---|---|---|---|---|---|
| 1³⁰A | on bed | Reed #12518 | 11⁰⁰ | AT Door | P. Davy |
| 2⁰⁰/m | on bed | Reed | 11³⁰ | Eating | P. Davy |
| 2³⁰ | ON BED | Dgh | 12⁰⁰ | AT Door | P. Davy |
| 3⁰⁰ | ON BED | Gahr | 12³⁰ | AT DOOR | |
| 3³⁰ | ON BED | Gahr | 1⁰⁰pm | AT Door | P. Davy |
| 4⁰⁰ | on Bed | Gannon | 1³⁰pm | on Toilet | P. Davy |
| 4³⁰ | on Bed | Gannon | 2⁰⁰pm | ON Bed | P. Davy |
| 5⁰⁰ | on Bed | Gannon | 2³⁰pm | AT Door | P. Davy |
| 5³⁰ | on Bed | Gannon | 3⁰⁰pm | @ DOOR | W |
| 6⁰⁰ | on Bed | Gannon | 3²⁵ | offndr talking loudly | St del |
| 6³⁰ | on Bed | Gannon | 4⁰⁰pm | EATING | W |
| 7⁰⁰pm | on Bed | P. Davy | 4³⁰ | SITTING ON TOILET | W |
| 7³⁰pm | Eating | P. Davy | 5⁰⁰ | ON BED | W |
| 8⁰⁰pm | on Bed | P. Davy | 5³⁰pm | ON BED | W |
| 8³⁰pm | ON Bed | P. Davy | 6⁰⁰pm | ON BED | W |
| 9⁰⁰pm | on Bed | P. Davy | 6³⁰ | on bed (R) side | St del |
| 9³⁰pm | ON Bed | P. Davy | 7³⁰pm | on bed (R) side | St del |
| 10⁰⁰pm | AT DOOr | P. Davy | 8³⁰pm | asked onbed | St del |
| 10³⁰pm | ON Bed | P. Davy | 8³⁰pm | ON BED | W |

7-3 SHIFT STAFF ASSIGNED: C/O P. Davy 2284 _(PRINT NAME & BADGE #)_   RELIEF BY: CW Bergandi 43069 _(PRINT NAME & BADGE #)_

3-11 SHIFT STAFF ASSIGNED: WINEMILLER #9383 _(PRINT NAME & BADGE #)_   RELIEF BY: St del 2873 _(PRINT NAME & BADGE #)_

11-7 SHIFT STAFF ASSIGNED: Reed #12518 / Gannon 10366 _(PRINT NAME & BADGE #)_   RELIEF BY: John 6771 _(PRINT NAME & BADGE #)_

REVIEWING UNIT SUPERVISOR: _____ _(PRINT NAME & BADGE #)_   DATE: _____ TIME: _____

## NOTE: UPON EACH CRISIS STATUS CHANGE, A NEW SHEET MUST BE STARTED AND COMPLETED.

Distribution: Cellhouse

PON 0047 (Rev. 03/2006)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
# CRISIS CARE PLACEMENT
Pontiac Correctional Center

INITIAL PLACEMENT DATE: 10-18-06   TIME: 6:15 pm   AUTHORIZED BY: MAJOR QUINLEY   DR. GARLICK
*(Print Name & Title)*

TYPE OF CRISIS WATCH:  ☐ 10 - MINUTE   ☐ 15 - MINUTE   ☒ 30 - MINUTE

OFFENDER NAME: CRUZ   NUMBER: R12294   DATE: 10-20-06   LIVING UNIT: H-22

| TIME | ACTIVITY (NOTE BEHAVIOR & SPEECH) | SIGNATURE (SIGN LEGIBLY) | TIME | ACTIVITY (NOTE BEHAVIOR & SPEECH) | SIGNATURE (SIGN LEGIBLY) |
|---|---|---|---|---|---|
| 8:30 pm | ON BED | W | 6:00 | on Bed | Gannon |
| 9:00 pm | ON BED | W | 6:30 | on Bed | Gannon |
| 9:30 pm | ON BED | W | 7:00 A | on Bed | P. Juny |
| 10:00 pm | ON BED | W | 7:30 A | AT Door | P. Juny |
| 10:30 | @ DOOR | W | 8:00 A | AT Door | P. Juny |
| 11:00 p | on bed | Reed #12514 | 8:30 A | onBed | P. Juny |
| 11:30 p | on bed | Reed | 9:00 A | on Bed | P. Juny |
| 12:00 A | on bed | Reed | 9:30 A | INShower | P. Juny |
| 12:30 A | on bed | Reed | 10:00 A | onBed | P. Juny |
| 1:00 A | on bed | Reed | 10:30 A | on Bed | P. Juny |
| 1:30 A | on bed | Reed | 11:00 A | AT Door | P. Juny |
| 8:00 A | on bed | Reed | 11:30 A | on Toilet | P. Juny |
| 2:30 | ON BED | gyn | 12:00 p | AT Door | Cain |
| 3:00 | on Bed | gyn | 12:30 p | At Door | Cain |
| 3:30 | ON BED | gyn | 1:00 | onBed | P. Juny |
| 4:00 | on Bed | Gannon | 1:30 | on Bed | P. Juny |
| 4:30 | on Bed | Gannon | 2:00 p | ON Bed | P. Juny |
| 5:00 | on Bed | Gannon | 2:30 pm | AT Door | P. Juny |
| 5:30 | on Bed | Gannon | 3:00 pm | @ DOOR | W |

7-3 SHIFT STAFF ASSIGNED: S.P. Juny 2959    RELIEF BY: Cain 5715
*(PRINT NAME & BADGE #)*                    *(PRINT NAME & BADGE #)*

3-11 SHIFT STAFF ASSIGNED: Winemiller #9383   RELIEF BY: Stien (28-75
*(PRINT NAME & BADGE #)*                      *(PRINT NAME & BADGE #)*

11-7 SHIFT STAFF ASSIGNED: Reed #12516 Gannon   RELIEF BY: Gannon 877)
*(PRINT NAME & BADGE #)*                         *(PRINT NAME & BADGE #)*

REVIEWING UNIT SUPERVISOR: _____ DATE: _____ TIME: _____
*(PRINT NAME & BADGE #)*

**NOTE: UPON EACH CRISIS STATUS CHANGE, A NEW SHEET MUST BE STARTED AND COMPLETED.**

Distribution: Cellhouse

PON 0047 (Rev. 03/2006)

Printed on Recycled Paper

# CRISIS CARE PLACEMENT
### Pontiac Correctional Center

INITIAL PLACEMENT DATE: __10-18-06__   TIME: __6⁵pm__   AUTHORIZED BY: __MaJ. Quinley__
<br>(Print Name & Title)

TYPE OF CRISIS WATCH:   ☐ 10 - MINUTE   ☐ 15 - MINUTE   ☒ 30 - MINUTE

OFFENDER NAME: __Cruz__   NUMBER: __R12294__   DATE: __6-21-06__ LIVING UNIT: __4-22__

| TIME | ACTIVITY (NOTE BEHAVIOR & SPEECH) | SIGNATURE (SIGN LEGIBLY) | TIME | ACTIVITY (NOTE BEHAVIOR & SPEECH) | SIGNATURE (SIGN LEGIBLY) |
|---|---|---|---|---|---|
| 3:30 pm | EATING | (sig) | 1:00 | on bed | Caietto 8831 |
| 4:00 pm | @ DOOR | (sig) | 1:30 | on bed | Caietto |
| 4:30 pm | @ DOOR | (sig) | 2:00 | on bed | Caietto |
| 5:00 pm | @ DOOR | (sig) | 2:30 | laying on bed | Snyder 3393 |
| 5:30 pm | @ DOOR | (sig) | 3:00 | laying on bed | Snyder |
| 6:00 pm | @ DOOR | (sig) | 3:30 | laying on bed | Snyder |
| 6:30 pm | ON BED | (sig) | 4:00 | laying on bed | Vela 3438 |
| 7:00 pm | ON BED | (sig) | 4:30 | laying on bed | Vela 3438 |
| 7:30 pm | ON BED | (sig) | 5:00 | laying on bed | Vela |
| 8:00 pm | ON BED | (sig) | 5:30 | laying on bed | Vela |
| 8:30 pm | ON BED | (sig) | 6:00 | Laying on bed | Vela |
| 9:00 pm | ON BED | (sig) | 6:30 | laying on bed | Vela |
| 9:30 pm | ON BED | (sig) | 7:00 | on Bed | P. Deny |
| 10:00 pm | on BED | (sig) | 7:30 | on Bed | P. Deny |
| 10:30 pm | @ DOOR | (sig) | 8:00 | on Bed | P. Deny |
| 11:00 pm | on bed | Caietto 8831 | 8:30 | on Bed | P. Deny |
| 11:30 | on bed | Caietto | 9:00 | on Bed | P. Deny |
| 12:00 | on bed | Caietto | 9:30 | on Bed | P. Deny |
| 12:30 | on bed | Caietto | 10:00 | on Bed | P. Deny |

7-3 SHIFT STAFF ASSIGNED: __C/O P. Chavez 2254__ (PRINT NAME & BADGE #)   RELIEF BY: __N/A__ (PRINT NAME & BADGE #)

3-11 SHIFT STAFF ASSIGNED: __WINEMILLER #9383__ (PRINT NAME & BADGE #)   RELIEF BY: _____ (PRINT NAME & BADGE #)

11-7 SHIFT STAFF ASSIGNED: __Noretto 8831__ (PRINT NAME & BADGE #)   RELIEF BY: __Snyder 3393 / Vela 3438__ (PRINT NAME & BADGE #)

REVIEWING UNIT SUPERVISOR: __Lt__ (PRINT NAME & BADGE #)   DATE: _____ TIME: _____

**NOTE: UPON EACH CRISIS STATUS CHANGE, A NEW SHEET MUST BE STARTED AND COMPLETED.**

Distribution: Cellhouse

PON 0047 (Rev. 03/2006)

ILLINOIS DEPARTMENT OF CORRECTIONS
## CRISIS CARE PLACEMENT
Pontiac Correctional Center

INITIAL PLACEMENT DATE: 10-18-06  TIME: 6⁵⁵pm  AUTHORIZED BY: Maj. Qumley
(Print Name & Title)

TYPE OF CRISIS WATCH: [ ] 10 - MINUTE  [ ] 15 - MINUTE  [X] 30 - MINUTE

OFFENDER NAME: CRUZ  NUMBER: R12294  DATE: 10-22-06  LIVING UNIT: 1t-22

| TIME | ACTIVITY (NOTE BEHAVIOR & SPEECH) | SIGNATURE (SIGN LEGIBLY) | TIME | ACTIVITY (NOTE BEHAVIOR & SPEECH) | SIGNATURE (SIGN LEGIBLY) |
|---|---|---|---|---|---|
| 10³⁰ | ON Bed | P. Davey | 8⁰⁰pm | At door — Quiet | Folly |
| 11⁰⁰ | ON Bed | P. Davey | 8³⁰pm | At door — Talking | Folly |
| 10⁰⁰ | ON Bed | P. Davey | 9⁰⁰pm | At door / Quiet | Folly |
| 12⁰⁰ | At Door | P. Davey | 9³⁰pm | On Bed ② Side | Folly |
| 12³⁰ | At Door | R. Davey | 10⁰⁰pm | On Bed ② Side | Folly |
| 1⁰⁰ | @ Door | Folly | 10³⁰pm | On Bed ② Side | Folly |
| 1³⁰ | At Door | R. Davey | 11⁰⁰p | On bed | Reed 12518 |
| 2⁰⁰pm | At Door | P. Davey | 11³⁰p | on bed | Reed |
| 2³⁰pm | At Door | R. Davey | 12⁰⁰A | on bed | Reed |
| 3⁰⁰pm | At Door | Folly | 12³⁰A | on bed | Reed |
| 3³⁰pm | At door | Folly | 1⁰⁰A | on bed | Reed |
| 4⁰⁰pm | GIVING DINN TRAY At door | Folly | 1³⁰A | on bed | Read |
| 4³⁰pm | on Toilet | Folly | 2⁰⁰A | on bed | Read |
| 5⁰⁰pm | At door — Talking | Folly | 2³⁰A | laying on bed | Snyder 3393 |
| 5³⁰pm | At door Talking | Folly | 3⁰⁰A | laying on bed | Snyder |
| 6⁰⁰pm | At door Talking | Folly | 3³⁰A | laying on bed | Snyder |
| 6³⁰pm | at Door Talking | Yaeger | 4⁰⁰A | on bed | White |
| 7⁰⁰pm | At door Talking | Folly | 4³⁰A | on bed | White |
| 7³⁰pm | At door Talking | Folly | 5⁰⁰A | on bed | White |

7-3 SHIFT STAFF ASSIGNED: ⁴⁰P. Davey 2957  RELIEF BY: Sgt. Jarrett 3171
(PRINT NAME & BADGE #)                          (PRINT NAME & BADGE #)

3-11 SHIFT STAFF ASSIGNED: Fertyhawic 9235  RELIEF BY: Yaeger 8848
(PRINT NAME & BADGE #)                          (PRINT NAME & BADGE #)

11-7 SHIFT STAFF ASSIGNED: Reed #12518 / W.66w 13705  RELIEF BY: Snyder 3393
(PRINT NAME & BADGE #)                          (PRINT NAME & BADGE #)

REVIEWING UNIT SUPERVISOR: Lt. Dallas  DATE: 10-23-06  TIME: 3⁰⁰A
(PRINT NAME & BADGE #)

**NOTE: UPON EACH CRISIS STATUS CHANGE, A NEW SHEET MUST BE STARTED AND COMPLETED.**

Distribution: Cellhouse

PON 0047 (Rev. 03/2006)

ILLINOIS DEPARTMENT OF CORRECTIONS
## CRISIS CARE PLACEMENT
Pontiac Correctional Center

INITIAL PLACEMENT DATE: _10/14/06_   TIME: _6:15pm_   AUTHORIZED BY: _Major Quinley_
(Print Name & Title)

TYPE OF CRISIS WATCH:   ☐ 10 - MINUTE   ☐ 15 - MINUTE   ☑ 30 - MINUTE

OFFENDER NAME: _Cruz_   NUMBER: _R12294_ DATE: _10/13/06_ LIVING UNIT: _A-22_

| TIME | ACTIVITY (NOTE BEHAVIOR & SPEECH) | SIGNATURE (SIGN LEGIBLY) | TIME | ACTIVITY (NOTE BEHAVIOR & SPEECH) | SIGNATURE (SIGN LEGIBLY) |
|---|---|---|---|---|---|
| 5:30 | on bed | Wille | | | |
| 6:00 | on bed | Wille | | | |
| 6:30 | on bed | Wille | | | |
| 7:00 | on bed | RBurley | | | |
| 7:30 | on bed | RBurley | | | |
| 8:00 | on bed | RBurley | | | |
| 8:30 | on bed | RBurley | | | |
| 9:00 | on bed | RBurley | | | |
| 9:30 | on bed | RBurley | | | |
| 10:00 | off watches | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

7-3 SHIFT STAFF ASSIGNED: _RBurley #3435_   RELIEF BY: _____
(PRINT NAME & BADGE #)                                (PRINT NAME & BADGE #)

3-11 SHIFT STAFF ASSIGNED: _____   RELIEF BY: _____
(PRINT NAME & BADGE #)                                (PRINT NAME & BADGE #)

11-7 SHIFT STAFF ASSIGNED: _Wibbew /13705_   RELIEF BY: _____
(PRINT NAME & BADGE #)                                (PRINT NAME & BADGE #)

REVIEWING UNIT SUPERVISOR: _____   DATE: _____ TIME: _____
(PRINT NAME & BADGE #)

### NOTE: UPON EACH CRISIS STATUS CHANGE, A NEW SHEET MUST BE STARTED AND COMPLETED.

Distribution: Cellhouse

PON 0047 (Rev. 03/2006)

"BEGIN USING FROM BOTTOM UP

**State of Illinois**
**Dept. of Corrections**
**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _____ Reg. # _____ Date: _____

Problem _____

ORDER: (Physician's Signature After Last Order) _____

DEA/Illinois Lic. # _____ Physician (Print) _____
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000    Noted by: _____ Date: _____
IL 426-1417

---

*Test* *NKP**     *Pon*     *anf #22*

**State of Illinois**
**Dept. of Corrections**
**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient *Cruz Jose* Reg. # *R12294* Date: *10-21-06*

Problem _____

ORDER: (Physician's Signature After Last Order) *Dipabene 500 mg po BID.*
*X 90 po*

DEA/Illinois Lic. # _____ Physician (Print) *L ZHANG*
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000    Noted by: *Katherine Farrell* Date: *10-23-06*
IL 426-1417

---

*FISH*     *STA.*

**State of Illinois**
**Dept. of Corrections**
**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient *CRUZ, JOSE* Reg. # *R12294* Date: *10/18/06*

Problem _____

ORDER: (Physician's Signature After Last Order) *Depaka 500 mg po BID X 90*

DEA/Illinois Lic. # _____ Physician (Print) _____
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000    Noted by: _____ Date: *10/18/06*
IL 426-1417

<u>AFFIDAVIT</u>

On October 18 of 2006, I, Vincent Anderson, was at Stateville Correctional
Center (NRC building). I was in segregation at the time and my cell-mate was Jose Cruz.
I witnessed the events that took place with Jose Cruz that occurred on 10-18-06.

I witnessed Jose Cruz asking to speak to a psych doctor. He was asking the wing
officer by the name of Dennis Cross. He kept asking over and over to speak to a psych
doctor. He then asked C/O Cross to speak to a Lt. and for grievances. My cell-mate was
walking back and fourth and could not stay still.

Around lunch time, we were fed our lunch. My cell-mate Jose Cruz kept asking
for a psych doctor, to speak with a lieutenant, and for grievances. C/O Cross came to pick
up our trays through the food slot. Jose Cruz refused to give up his lunch tray and asked
to see a psych doctor.

Officer Cross asked Jose Cruz for the lunch tray, (Jose Cruz still refused). Officer
Cross became upset and called Jose Cruz names. At that time officer Cross opened our
sell door. I sat on my bunk, which was the lower bunk. Officer cross put black leather
gloves on his hands and placed his steel cuffs, as brass knuckles over one of his hands,
and asked my cell-mate Jose Cruz for the lunch tray, in an angry tone of voice. My cell-
mate, Jose Cruz, had the lunch tray behind his back (with both hands behind his back).
My cell-mate stood quiet. Officer Cross approached Jose Cruz and struck Jose Cruz on
the face area by his eye and began to swing again. At that moment, Jose Cruz blocked
the second blow that was going towards his face once again. Jose Cruz swung the lunch
tray towards Officer Cross' face area. Officer Cross grabbed Jose Cruz by the neck with

his hands, and began choking him. Jose Cruz dropped the lunch tray and began moving in a frantic way and began swinging and moving and striking Officer Cross in the face.

At that time Officer Cross let go of Jose Cruz' neck and tried to pick Jose Cruz up by the feet trying to slam him. He attempted to, but couldn't. Jose Cruz began screaming for help and was trying to get away from Officer Cross. At that point Jose Cruz was running towards the door and Officer Cross grabbed him and was dragging Jose Cruz away from the door. They began to wrestle and ended up in the outside of the cell. By that time other officers heard the screaming and yelling for Jose Cruz. As the other correctional officers came, they slammed Jose Cruz on the floor and cuffed him. As Jose Cruz was cuffed he was kicked, by officer cross and other correctional officers on his head, face, and body area.

While my cell-mate was beaten and still cuffed, he was sprayed with pepper spray in his mouth, eyes, and face area. At that time I started to cough and my eyes became watery and I had trouble breathing. I still could hear Jose Cruz' screams for help.

At that moment Officer Cross was placed on a stretcher and taken by nurses and Jose Cruz was dragged by other correctional officers, still screaming. Boot campers came and cleaned up all the blood and all areas where this incident occurred.

X _Vincent Anderson_    Date: _3-30-08_
   Vincent Anderson

X _____    Date: _____
   Witness

# AFFIDAVIT OF AFFIRMATION

I, Vincent Anderson, affiant, do hereby declare and affirm under penalty of perjury as defined in 735 ILCS5/1-109, 28 USC 1746 or 18 USC 1621 that everything contained herein is true and accurate to the best of my knowledge and belief. I further declare and affirm that the contents of the foregoing document(s) is/are known to me and is/are accurate to the best of my knowledge and belief. Finally, I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this _30_ day of _MaRch_, 200 _8_ .

_X Vincente Anderson_
                                 Affiant

Exhibit J 3 of 13